UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HELMER,

       Plaintiff,                 Civil No. 2:09-11697
                                   HONORABLE PATRICK J. DUGGAN
v.                             UNITED STATES DISTRICT JUDGE

BRIAN GUEST and KATHLEEN
SOLOMON,

       Defendants,

_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL AND ORDER DIRECTING
## SERVICE UPON THE REMAINING DEFENDANT

### I. Introduction

Before the Court is Plaintiff William G. Helmer's *pro se* civil rights complaint

filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the

Charles Egeler Reception and Guidance Center in Jackson, Michigan. The Court has

reviewed Plaintiff's complaint and now dismisses it in part.

### II. Standard of Review

In order to state a claim under 42 U.S.C.§ 1983, a plaintiff must allege that (1) he

or she was deprived of a right, privilege or immunity secured by the Federal Constitution

or laws of the United States, and (2) the deprivation was caused by a person acting under

color of state law. Absent either element, a section 1983 claim will not lie. *Bloch v.*

*Ribar*, 156 F.3d 673, 677 (6th Cir. 1998); *Hakken v. Washtenaw County*, 901 F. Supp.

1

1245, 1249 (E.D. Mich. 1995). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III. Complaint

Plaintiff claims that defendant Guest, a sheriff's deputy, falsified a December 18, 2008, police report against him "by stating that he was in court for an attempted murder charge" against plaintiff. (Compl. ¶ 1). Plaintiff further claims that on April 13, 2009, Guest testified falsely against plaintiff at a preliminary examination in the 81st District Court concerning this attempted murder charge. Plaintiff claims that defendant Kathleen

2

Solomon, a prosecuting attorney, knowingly and willingly allowed Guest to testify falsely at the preliminary examination. Plaintiff claims that after the preliminary examination, he was assaulted by Guest. Plaintiff claims that he was interviewed by the Michigan State Police on April 15, 2009, regarding these actions and that they took pictures of his wounds from the assault, but that no action has been brought against the defendants.

### IV. Discussion

From the face of his complaint, it remains unclear to the Court whether plaintiff intends to assert a false arrest, false imprisonment, continued detention without probable cause, or some other claim against Guest and Solomon. But while the precise nature of plaintiff's claim remains unknown, it is clear that plaintiff seeks to challenge the conduct of Guest and Solomon within the context of the criminal case that began in late 2008. Plaintiff appears to assert that, by using false information and testimony in the criminal case, Guest and Solomon violated his rights. On June 8, 2009, after plaintiff filed the present lawsuit, plaintiff was sentenced in the criminal case to 95 to 180 months for assault with intent to commit great bodily harm less than murder. See Appendix A.

Plaintiff's conviction and sentence in the criminal case bars his civil claims regarding the allegedly false information and testimony used by Guest and Solomon. Prisoners have no right to money damages for allegedly unlawful conduct leading to a conviction unless they can demonstrate that their convictions or sentences were reversed on direct appeal, expunged by executive order, invalidated by a state tribunal, or called

3

into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994); *see also Nelson v. Campbell,* 541 U.S. 637, 646, 124 S. Ct. 2117, 2124 (2004)("[A] § 1983 suit for damages that would 'necessarily imply' the invalidity of the fact of an inmate's conviction, or 'necessarily imply' the invalidity of the length of an inmate's sentence, is not cognizable under § 1983 unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence.").

Plaintiff has not demonstrated that his criminal charge has been invalidated by a state court or tribunal or called into question by the issuance of a writ of habeas corpus by a federal court. A judgment in plaintiff's favor in this case would necessarily imply that his continued incarceration is invalid. Therefore, the portion of the complaint involving the alleged use of false information and testimony by Guest and Solomon must be dismissed. *Heck v. Humphrey,* 512 U.S. at 487, 114 S. Ct. at 2372.[1]

The Court will, however, order that service be directed against Guest regarding the alleged assault allegation. The use of excessive or unreasonable force by police officers in the exercise of their authority gives rise to a cause of action under 42 U.S.C. § 1983. *See Russo v. City of Cincinnati,* 953 F.2d 1036, 1044 (6th Cir. 1992). Plaintiff's

---

[1] When a plaintiff's § 1983 claims are dismissed under *Heck, supra,* the claims should be dismissed without prejudice. *Diehl v. Nelson,* 198 F.3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing *Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996)). Thus, because this Court is dismissing this portion of plaintiff's § 1983 complaint under *Heck,* the dismissal of this claim will be without prejudice.

excessive force claim against defendant Guest is not barred by *Heck* because it does not

imply the invalidity of plaintiff's criminal conviction and sentence. *See Lockett v.*

*Suardini*, 526 F.3d 866, 873 (6th Cir. 2008).

### V.   ORDER

**IT IS HEREBY ORDERED** that plaintiff's claim concerning the alleged use of

false information and testimony in his criminal case is **DISMISSED WITHOUT**

**PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(A).

**IT IS FURTHER ORDERED** that plaintiff's complaint be served upon

defendant Brian Guest by the U.S. Marshall without prepayment of fees.

s/ PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Dated: June 9, 2009

Copy to:
William Helmer, #140677
3855 Cooper Street
Jackson, MI 49201

5

# Appendix A

Approved, SCAO    2nd copy - Corrections (for return)    5th copy - Prosecutor     **PAGE**   1

| STATE OF MICHIGAN<br>23RD JUDICIAL CIRCUIT<br>OSCODA | JUDGMENT OF SENTENCE<br>COMMITMENT TO<br>DEPARTMENT OF CORRECTIONS | CASE NO.<br>08-001035-FC-B |
|---|---|---|

ORI    Court Address    COURTHOUSE ANNEX      Court Telephone no.
MI-680025J      PO BOX 399      989-826-1110
     MIO, MI   48647
Police Report No.

| THE PEOPLE OF THE STATE OF MICHIGAN | V | Defendant's name, address, and telephone no.<br>WILLIAM GARY HELMER<br>5670 WEAVER ROAD<br>COMINS, MI   48619 |
|---|---|---|

| | CTN/TCN | SID | DOB |
|---|---|---|---|
| | 680800026801 | 0787704K | 9/25/56 |

| Prosecuting attorney name | Bar no. | Defendant attorney name | Bar no. |
|---|---|---|---|
| SOLOMON, KATHLEEN, | 38861 | PAUNOVICH,MELVIN L., | 29730 |

**THE COURT FINDS:**

1. The defendant was found guilty on    3/19/09    of the crime(s) stated below:
                               Date

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE(S)<br>MCL citation/PACC code |
|---|---|---|---|---|---|---|
| | Plea* | Court | Jury | | | |
| 1 | | | | NP | DOM VOIL-AGG ASSAULT | 750.81A2 |
| 2 | G | | | | ASSAULT HARM LESS MURDER<br>HABITUAL OFFENDER 2ND CON | 750.84<br>769.10 |
| 3 | | | | NP | ASSAULT INTENT TO MAIM | 750.86 |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill. For dismissal: insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

**IT IS ORDERED:**

7. The defendant is sentenced to custody of the Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE DATE | MINIMUM | | | MAXIMUM | | DATE SENTENCE BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | | Mos. | Days | |
| 2 | 6/08/09 | | 95 | | | 180 | 6/08/09 | | 0 | |

[X] 8. Sentence(s) to be served consecutively to (If this item is not checked, the sentence is concurrent.)
    [ ] each other.   [X] case numbers GRAND TRAVERSE CIRCUIT COURT # 06-10141-FH.

9. The defendant shall pay:
           $68.00 STATE MINIMUM COSTS      $500.00 FINES
  $300.00 COURT COSTS      $60.00 CRIME VICTIM RIGHTS      $928.00 TOTAL
  $928.00 BALANCE

     The due date for payment is   6/08/09.   Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

12. Court recommendation:
           ANY BOND RELEASED IS SUBJECT TO COURT ASSESSMENTS.

*See Attachment to Judgment of Sentence Attached Hereto. RMB.*

Date   JUNE 8, 2009        Judge RONALD M. BERGERON      24383<br>                                                             Bar no.

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver the defendant to the Michigan Department of Corrections at a place designated by the department.

            (SEAL)          Diane M Gosler, Dep.
                               Deputy court clerk

**CC 219b** (3/08) **JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS**
           MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22, MCL 780.766, MCR 6.427