# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM HELMER,

      Plaintiff,

vs.

BRIAN GUEST and
KATHLEEN SOLOMON,

      Defendants.
_____/

CIVIL ACTION NO. 09-CV-11697

DISTRICT JUDGE PATRICK J. DUGGAN

MAGISTRATE JUDGE MONA K. MAJZOUB

## ORDER DENYING PLAINTIFF'S MOTION FOR ORDER FOR MICHIGAN STATE POLICE TO PRODUCE EVIDENCE (DOCKET NO. 18)

This matter comes before the Court on Plaintiff's Motion for Order for Michigan State Police to Produce Evidence. (Docket no. 18). No response has been filed to the motion and the time for responding has expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Deputy Brian Guest and now-dismissed Defendant Solomon, Oscoda County Prosecutor, on May 4, 2009. Plaintiff claims that Defendant Guest falsified a police report by stating that Plaintiff was charged with attempted murder, testified falsely against Plaintiff at a preliminary examination hearing in the 81st District Court, and assaulted Plaintiff after the preliminary examination. (Docket no. 1). On June 9, 2009, the Court dismissed Plaintiff's claims related to the use of false information and testimony, and ordered that service be directed against Defendant Guest regarding the alleged assault

1

allegation. (Docket no. 4). Plaintiff claims that he was interviewed by the Michigan State Police on April 15, 2009 related to the allegations in his Complaint and that they took pictures of his wounds, but that no action has been brought against the Defendants. (Docket no. 1).

On January 4, 2010 Plaintiff filed the instant Motion for Order for Michigan State Police to Produce Evidence. (Docket no. 18). In his motion, Plaintiff requests assistance in obtaining police reports and photographs from the Michigan State Police related to the alleged assault by Defendant Guest. Plaintiff states that he requested a subpoena in May 2009 "which was sent not signed by [the] Judge and therefore not in compliance with Federal Rule of Civil Procedure 45(3)." (Docket no. 18 at 2). He further states that in August 2009 he sent the unsigned subpoena to the district court judge to be signed and served on Linda Ortiz, assistant FOIA coordinator for the state police. (Docket no. 18 at 2). He indicates that the subpoena was not signed or served. He further alleges that Linda Ortiz denied his request to produce the evidence.

Attached to the instant motion is a handwritten document entitled "Request for Subpoena," dated May 19, 2009. The letter requests a "subpoena for documents being withheld by 81st District Court." (Docket no. 18). The letter identifies the case caption, but does not identify the address where it was sent or the intended recipient.

A review of the docket shows that Plaintiff submitted a letter to the Court asking for assistance in serving a subpoena on Linda Ortiz. (Docket no. 12). The letter is time-stamped September 30, 2009 by the Clerks Office. Attached to the letter is a subpoena addressed to Linda Ortiz as FOIA coordinator, commanding her to produce and permit inspection of all photographs and reports related to incident no. 72-0000528. (Docket no. 12). The date and time for production is shown as "A.S.A.P." The subpoena is not signed or dated. Also attached to the September 30,

2

2009 letter is a letter addressed to Plaintiff from Linda Ortiz and dated June 15, 2009. That letter shows that Plaintiff had requested records from the Michigan State Police related to CR-9210-09. The request was processed under the provisions of the Michigan Freedom of Information Act and was denied. (Docket no. 12).

As a preliminary matter, the Plaintiff's September 30, 2009 letter to the Court requesting assistance in obtaining evidence does not comply with the Court's guidelines for motion practice. Letters to the Court are not pleadings, therefore to the extent that the Plaintiff's September 30, 2009 letter asks the Court to take action on his behalf, he is required to do so in the form of a motion. Fed. R. Civ. P. 7(a), (b).

Federal Rule of Civil Procedure 45(b) governs the issuance of a subpoena duces tecum to a nonparty commanding the production of specified documents. In the instant motion Plaintiff asks for assistance in obtaining police reports and photographs from the Michigan State Police. However, the handwritten "Request for Subpoena" attached to his motion requests a subpoena for documents being withheld by the 81st District Court. (Docket no. 18). Plaintiff's claims related to proceedings before the 81st District Court were dismissed on June 9, 2009. (Docket no. 4). Therefore, to the extent the Plaintiff seeks an order from this Court directing the issuance of a subpoena to the 81st District Court, the motion is denied.

The Court will also deny Plaintiff's request for issuance of a subpoena to the FOIA coordinator for the Michigan State Police. The Michigan State Police denied Plaintiff's request under the prisoner exclusion of the state FOIA statute. MCL §§ 15.231(2), 15.232. Since that time Defendant Guest has provided Plaintiff with a copy of the Michigan State Police Investigation Packet which he was able to obtain from Linda Ortiz through a FOIA request. (Docket nos. 41, 49).

3

Accordingly, the Court will deny Plaintiff's Motion for Order for Michigan State Police to Produce Evidence.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Order for Michigan State Police to Produce Evidence (docket no. 18) is **DENIED**.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: June 2, 2010
s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon William Helmer and Counsel of Record on this date.


Dated: June 2, 2010
s/ Lisa C. Bartlett
Case Manager