# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM HELMER,

        Plaintiff,                   CIVIL ACTION NO. 09-CV-11697

vs.

                                  DISTRICT JUDGE PATRICK J. DUGGAN

BRIAN GUEST and              MAGISTRATE JUDGE MONA K. MAJZOUB
KATHLEEN SOLOMON,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE WITNESS LIST (DOCKET NO. 28)

This matter comes before the Court on Plaintiff's Motion to Amend the Witness List, filed on March 10, 2010. (Docket no. 28). The motion is fully briefed. All pretrial matters have been referred to the undersigned for action. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff moves to amend his witness list filed on January 4, 2010 (docket no. 19) to add the following six witnesses: (1) Chief Judge Ronald M. Bergeron, 23rd Judicial Circuit Court, the presiding judge at Plaintiff's plea hearing on March 19, 2009; (2) Leslie Green, the certified electronic operator who recorded the April 13, 2009 preliminary examination hearing; (3) Dawn Freehling, the certified electronic recorder who transcribed the April 13, 2009 preliminary examination recording; (4) Melvin Paunovich, Plaintiff's attorney in the underlying criminal prosecution; (5) Magistrate Shannon Wickham, who signed the felony warrant for Plaintiff; and (6)

1

Deputy Chuck Barnum.

Plaintiff argues that the motion to amend was filed in response to evidence he received from the Defendant on February 8, 2010. He claims that the proposed witnesses have information relevant to this matter. He further states that Judge Bergeron in particular can set the record straight that he is not trying to invalidate his present conviction, and can "show the Court that the case in question was never a part of any plea agreement on [his] present conviction and sentence." (Docket no. 38).

Pursuant to the Court's scheduling order, final witness lists were due on February 5, 2010. (Docket no. 13). As provided by Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified only for good cause and with the judge's consent. Good cause is met by determining the moving parties' diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order. *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003).

Plaintiff argues that his delay in filing this motion is reasonable because the motion was filed shortly after he received new documents from the Defendant. A review of the record shows that each of Plaintiff's proposed new witnesses, other than Deputy Chuck Barnum[1], is identified in documents Plaintiff filed with this Court on February 8, 2010. (Docket no. 24). Consequently, the Court is not persuaded that the Plaintiff had no prior knowledge of these witnesses. There is no reason why the Plaintiff could not have filed his motion to amend before the March 5, 2010 close of discovery. Accordingly, Plaintiff has not demonstrated that he was diligent in filing his motion

---

[1] Defendant asserts that there is no individual by the name of Chuck Barnum employed by the Oscoda County Sheriff's Department. (Docket no. 33).

2

to amend.

Furthermore, the only remaining allegation in Plaintiff's Complaint involves an alleged assault on Plaintiff by Defendant Guest, which Plaintiff states took place in a hallway outside of the courtroom following his April 13, 2009 preliminary examination hearing. Because it is not apparent that any of the proposed witnesses would have information relevant to the assault, the amendment would require additional discovery. Discovery has closed in this matter, and Defendant has filed a motion for summary judgment in accordance with the Court's Scheduling Order. (Docket nos. 13, 41). The Court finds that the delayed amendment will prejudice the Defendant. Because Plaintiff has failed to show good cause for his delayed motion to amend his witness list, his motion will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend the Witness List (docket no. 28) is **DENIED**. The Amended Witness List filed on March 10, 2010 (docket no. 29) is stricken.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 2, 2010   s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Order was served upon William Helmer and Counsel of Record on this date.

Dated: June 2, 2010                        s/ Lisa C. Bartlett
                                                    Case Manager