UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HELMER,
    Plaintiff,

v.

BRIAN GUEST and KATHLEEN
SOLOMON,
    Defendants,
                                   /

Civil No. 2:09-11697
HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER**
At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 6, 2010.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff William G. Helmer ("Plaintiff"), a state prisoner currently confined at Bellamy Creek Correctional Facility in Ionia, Michigan, acting *pro se* filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on May 10, 2009. On June 9, 2009, the Court partially dismissed Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. That order left a single claim pending against Defendant Brian Guest ("Guest"), a sheriff's deputy, alleging excessive force.[1]

On March 10, 2010, Plaintiff filed a motion for relief from the partial dismissal.

---

[1] The order resulted in the dismissal, without prejudice, of all claims against Defendant Kathleen Solomon, a prosecuting attorney.

1

On June 8, 2010, this Court granted in part Plaintiff's motion, reinstating Plaintiff's claims against Guest and Defendant Kathleen Solomon ("Solomon") alleging constitutional violations related to Plaintiff's criminal charge of assaulting, resisting, or obstructing a police officer (state court case number 09-001050-FH).  On June 18, 2010, Guest filed a motion for reconsideration of the Court's June 8, 2010, opinion and order.[2] For the reasons set forth below, the Court denies Guest's motion.

**I. Standard of Review**

Eastern District of Michigan Local Rule 7.1(h)(3) provides that a motion for reconsideration should be granted only if the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from correction of that defect.  "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

**II. Analysis**

In support of his motion for reconsideration, Guest alleges that this Court was misled by a palpable defect when it reinstated Plaintiff's claim alleging constitutional violations related to his criminal charge for assaulting, resisting, or obstructing a police officer.  Specifically, Guest alleges that it was erroneous for this Court to reinstate that

---

[2]Although Eastern District of Michigan Local Rule 7.1(h)(2) does not allow responses to motions for reconsideration, except upon court order, Plaintiff filed a response to Guest's motion on June 30, 2010.

claim where Guest is protected from liability by testimonial immunity. Furthermore, Guest argues that Plaintiff cannot succeed on the reinstated claim because the allegedly false testimony that provides the factual basis for the claim was not false, was not used to support a probable cause finding on Plaintiff's criminal charge, and was drawn out by plaintiff's counsel rather than the prosecuting attorney.

Guest's arguments fail to demonstrate a palpable defect in the Court's June 8, 2010, opinion and order. In that order, the Court merely acknowledged that it had improperly dismissed Plaintiff's claim on the mistaken assumption that it related to a separate underlying conviction for which Plaintiff remains incarcerated. Upon realizing its mistake, the Court concluded that Plaintiff had sufficiently alleged a constitutional violation to survive summary dismissal pursuant to 28 U.S.C. § 1915(e)(2). The Court conducted no analysis of issues relating to testimonial immunity or the factual validity of Plaintiff's claims. Indeed, the Court implicitly acknowledged that these issues remained to be determined. (June 8, 2010, Opinion and Order at 5 n.6.) Because no decisions was rendered on the issues raised by Guest in his present motion, those issues do not give rise to the existence of a palpable defect in the June 8, 2010, opinion and order. If Guest wishes to pursue his arguments further, he remains free to file a motion to dismiss or a motion for summary judgment on the reinstated claim.

Accordingly,

**IT IS HEREBY ORDERED** that Guest's motion for reconsideration is **DENIED**.

s/ PATRICK J. DUGGAN

UNITED STATES DISTRICT JUDGE

Copy to:
William Helmer, #140677
Bellamy Creek Correctional Facility
1727 W. Bluewater Highway
Ionia, MI 48846

D. Randall Gilmer, Esq.
G. Gus Morris, Esq.