UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HELMER,

      Plaintiff,               CIVIL ACTION NO. 09-CV-11697

vs.

                                        DISTRICT JUDGE PATRICK J. DUGGAN

BRIAN GUEST and               MAGISTRATE JUDGE MONA K. MAJZOUB
KATHLEEN SOLOMON,

      Defendants.
                          /

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (DOCKET NO. 49)

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint, filed on May 10, 2010. (Docket no. 49). The motion is fully briefed. All pretrial matters have been referred to the undersigned for action. (Docket no. 11). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    FACTUAL BACKGROUND**

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently incarcerated at Bellamy Creek Correctional Facility in Ionia, Michigan. In his original Complaint filed May 4, 2009 Plaintiff alleges that Defendants Guest and Solomon used false evidence against him in a state court proceeding. Plaintiff also alleges that Defendant Guest assaulted him. On June 9, 2009 the Court entered an Order dismissing Plaintiff's claim against Defendant Guest and Solomon concerning the alleged use of false information and testimony in his

1

criminal case, and directing service only as to Defendant Guest related to Plaintiff's excessive force claim. (Docket no. 4). Defendant Guest answered the Complaint on September 29, 2009. (Docket no. 10).

The Court entered a Scheduling Order on October 14, 2009 which set the end of discovery for March 5, 2010 and the dispositive motion deadline for April 9, 2010. (Docket no. 13). Defendant Guest filed a timely summary judgment motion. (Docket no. 41). Subsequently, on April 19, 2010 Plaintiff filed a "Notice of Amendment," stating his intent to amend his Complaint to include Oscoda County Deputy Dave Stenzel, Undersheriff Ed Pokrzywnicki, and Michigan State Police Detective Ronald Nightingale as Defendants in their individual and official capacities. (Docket no. 43). Defendant Guest, Deputy Stenzel, and Undersheriff Pokrzywnicki filed a Response opposing the amendment notice. (Docket no. 45).

On May 10, 2010 Plaintiff filed a Proposed Amended Complaint along with the instant Motion for Leave to Amend the Complaint. (Docket nos. 48, 49). Plaintiff now wishes to amend his Complaint to add Oscoda County, Sheriff Kevin Grace, Deputy Dave Stenzel, Undersheriff Ed Pokrzywnicki, and Michigan State Police Detective Ronald Nightingale as Defendants in their individual and official capacities under Fed. R. Civ. P. 15(a). (Docket no. 49). Plaintiff's Proposed Amended Complaint also seeks to bring individual capacity claims against Defendants Guest and Solomon, who were originally sued only in their official capacities. He seeks damages and injunctive relief. Defendant Guest, Oscoda County, Sheriff Grace, Deputy Stenzel, and Undersheriff Pokrzywnicki filed a Response objecting to Plaintiff's motion on the basis of undue delay, bad faith, and futility. (Docket no. 50). Detective Nightingale has not been served a copy of the Complaint and therefore has not filed a response to the motion.

2

On June 8, 2010 the district court reinstated Plaintiff's claim that Defendants Guest and Solomon used false evidence against him in a state court proceeding on April 13, 2009 to support criminal charges in state court case number 09-001050-FH related to assaulting, resisting, or obstructing a police officer. (Docket no. 59). The Court directed the Marshall to serve Defendant Solomon with a copy of Plaintiff's Complaint. (Docket no. 59). Since that time, Defendants Guest and Solomon have filed Motions to Dismiss or in the Alternative, for Summary Judgment with Regard to Plaintiff's Reinstated False Testimony Claim. (Docket nos. 71, 73).

## II. PROPOSED CLAIMS

Plaintiff moves to amend his Complaint to bring claims for malicious prosecution and excessive force against Oscoda County Undersheriff Pokrzywnicki and Deputy Stenzel. (Docket no. 49 at 2). He seeks to bring equal protection and due process claims against Michigan State Police Detective Nightingale for failure to investigate, malicious prosecution, and retaliation. (Docket nos. 48 at 6, 49 at 2). Although the original and Proposed Amended Complaint fail to identify claims against Oscoda County and Sheriff Grace, Plaintiff asserts in his brief in support of his motion that he seeks to bring claims against Oscoda County for "its practice and custom of numerous civil rights violations in regards to allowing witnesses in court actions to transport and have access to prisoners" that are victims, witnesses or defendants. (Docket no. 49 at 3). He also seeks to bring claims against Sheriff Grace for his actions in assigning Defendant Guest to stand watch over the Plaintiff and listen to privileged communications between Plaintiff and his attorney in an action where Defendant Guest was a witness. (Docket no. 49 at 3).

## III. STANDARD

Rule 15(a), Fed. R. Civ. P., provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1)(A),(B). Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to permit amendment is committed to the discretion of the trial court. *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974).

In deciding whether to grant a motion for leave to amend, the trial court may consider such factors as delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). "Delay by itself is not a sufficient reason to deny a motion to amend." *Id.* (citation omitted). However, when the delay causes the motion to be filed at a late stage of the litigation, such as near the close of discovery, an increased burden is on the movant to show justification for the failure to move earlier. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). Allowing amendment after the close of discovery creates significant prejudice for the opposing party. *Id.* Motions to amend should not be denied as futile when there are underlying, disputed issues of material fact because the court must accept the movant's allegations as true. *See Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993) (test for determining whether proposed amendment is futile is same as for Rule 12(b)(6) motion to dismiss).

**IV.     DISCUSSION**

### A. Delay in Filing, Prejudice, and Bad Faith

Defendant Guest, Oscoda County, Grace, Stenzel, and Pokrzywnicki argue that Plaintiff was dilatory in filing his Motion to Amend more than one year after the original Complaint was filed, after discovery had closed, and while dispositive motions were pending before the Court. They further argue that Plaintiff filed the proposed amendment with the bad faith motive of preventing this case "from ever being resolved by this Court." (Docket no. 50). Plaintiff contends that he was diligent in filing his motion and that Defendant Guest's failure to provide him with critical evidence before February 12, 2010 precluded him from filing his motion at an earlier date.

On February 8, 2010 Plaintiff filed a Motion for Leave to File Evidence and a "Notice of Filing Exhibits in the Traditional Manner," in which he asked the Court to accept thirteen documents as evidence in this case. (Docket nos. 23, 24). The Court partially granted his motion, indicating that it would consider the filed evidence in support of or in opposition to pretrial motions filed by the parties in this case. (Docket no. 58). With respect to the present motion, the documents show that Plaintiff was aware of the role Deputy Stenzel and Undersheriff Pokrzywnicki played in this case as early as April 14, 2009, when Plaintiff submitted a "Jail Inmate Request Form" complaining that he was assaulted by Defendant Guest, Deputy Stenzel, and Undersheriff Pokrzywnicki. (Docket no. 24, Ex. 6 "Jail Inmate Request Form"). On or around the same time Plaintiff should also have become aware of claims he might have against Oscoda County and Sheriff Grace. At the very least, Plaintiff should have been aware of his claims against all proposed Defendants by February 8, 2010 when he filed his "Notice of Filing Exhibits in the Traditional Manner" with the Court. Nevertheless, Plaintiff waited until after discovery closed and Defendant Guest's Motion for Summary Judgment was filed before he filed his Notice of Amendment and Motion for Leave to File

5

an Amended Complaint. Plaintiff gives no reason for why he waited more than three months after he received the discovery materials to file this motion.

Plaintiff has unreasonably delayed in seeking leave to amend his Complaint. The Court has considered the potential prejudice to Defendant Guest and to the proposed Defendants if it were to grant Plaintiff's motion. Defendant Guest, Oscoda County, Grace, Stenzel, and Pokrzywnicki argue generally that discovery has closed and dispositive motions have been filed. On June 8, 2010 the district court informed the parties that a new Scheduling Order will be entered relative to the reinstated claim against Defendant Guest and Solomon. (Docket no. 59 at 5 n.7). The Court finds that a new Scheduling Order setting deadlines relative to all new Defendants will minimize any prejudice caused by Plaintiff's amendment. Furthermore Defendant Guest, who for purposes of this motion is most at risk for being unduly prejudiced by Plaintiff's request, has addressed in his pending dispositive motions the issue of whether Plaintiff can succeed against him on claims of individual liability. Therefore, the fact that discovery has closed and dispositive motions have been filed does not cause the Defendants or proposed Defendants undue prejudice.

Defendant Guest, Oscoda County, Grace, Stenzel, and Pokrzywnicki have not made a specific and significant showing of prejudice. *See Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (indicating that under such circumstances, leave to amend should be granted). The Court is also not persuaded that Plaintiff filed his Motion for Leave to Amend in bad faith.

**B.     Futility**

**1.     Official Capacity Claims**

Detective Nightingale is a member of the Michigan State Police force. The Eleventh Amendment bars suits for monetary relief against state officials sued in their official capacity.

6

*Thiokol Corp.*, 987 F.2d at 381. However, the "[Eleventh Amendment] does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." *Id.* Consequently, it would be futile for Plaintiff to amend his Complaint to assert claims for monetary damages against Detective Nightingale in his official capacity. However, the Plaintiff may amend his Complaint to assert claims for injunctive relief against Detective Nightingale.

Undersheriff Pokrzywnicki and Deputy Stenzel are sued in their official capacities and, as such, stand in the shoes of Oscoda County. For municipalities to be subject to liability under § 1983 Plaintiff must demonstrate that the execution of a municipal policy or custom caused the alleged injury. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff's original and amended Complaint do not identify a custom or policy that was the moving force behind Plaintiff's alleged injuries which are attributed to Undersheriff Pokrzywnicki and Deputy Stenzel's use of excessive force and malicious prosecution. Accordingly, Plaintiff's official capacity claims against Undersheriff Pokrzywnicki and Deputy Stenzel could not survive a motion to dismiss and are futile.

Sheriff Grace is also an Oscoda County official who stands in the shoes of Oscoda County relative to Plaintiff's official capacity claim. Plaintiff alleges that Sheriff Grace assigned Defendant Guest to stand watch over the Plaintiff and listen to privileged communications between Plaintiff and his attorney when Defendant Guest was a witness in the criminal case. Plaintiff further alleges that Oscoda County maintained a custom and practice of allowing witnesses in court actions to transport and have access to prisoners who are also defendants in the same action. Because these claims are related, it would not be futile for Plaintiff to amend his Complaint to assert an official capacity claim against Defendant Grace.

## 2. Individual Capacity Claims

Defendant Guest, Oscoda County, Grace, Stenzel, and Pokrzywnicki claim that the facts as alleged by Plaintiff establish that Undersheriff Pokrzywnicki and Deputy Stenzel did not have sufficient time to prevent Defendant Guest's alleged assault of Plaintiff. They also argue that Plaintiff's claims must be dismissed because Plaintiff failed to exhaust his administrative remedies. The Court must construe the Complaint in the light most favorable to the Plaintiff. Based on the facts as alleged by Plaintiff, the Court cannot at this time find that Plaintiff's proposed amendment is futile with regard to his individual capacity claims. Defendant Guest, Oscoda County, Grace, Stenzel, and Pokrzywnicki's allegations that the facts and evidence do not substantiate Plaintiff's claims, and that Plaintiff has not exhausted his administrative remedies are premature and are better addressed in future dispositive motions. The motion for leave to amend will be granted with respect to Plaintiff's individual capacity claims.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint (docket no. 49) is **GRANTED IN PART** as follows:

1. Plaintiff's Motion to Amend Complaint is **GRANTED** as to his request to add Oscoda County, Sheriff Kevin Grace, Deputy Dave Stenzel, Undersheriff Ed Pokrzywnicki, and Michigan State Police Detective Ronald Nightingale as Defendants.

2. Plaintiff's Motion to Amend Complaint is **GRANTED** as to his request to add claims for relief against Oscoda County.

3. Plaintiff's Motion to Amend Complaint is **GRANTED** as to his request to add individual and official capacity claims for relief against Sheriff Kevin Grace.

4. Plaintiff's Motion to Amend Complaint is **GRANTED** as to his request to add claims

against Deputy Dave Stenzel and Undersheriff Ed Pokrzywnicki in their individual capacity.

5. Plaintiff's Motion to Amend Complaint is **GRANTED** as to his request to add individual capacity claims and official capacity claims for injunctive relief against Detective Nightingale.

6. Plaintiff's Motion to Amend Complaint is **GRANTED** as to his request to add individual capacity claims for relief against Defendants Brian Guest and Kathleen Solomon.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (docket no. 48) along with a copy of this Opinion and Order be served upon Oscoda County, Sheriff Kevin Grace, Deputy Dave Stenzel, Undersheriff Ed Pokrzywnicki, and Michigan State Police Detective Ronald Nightingale by the U.S. Marshall without prepayment of fees.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 7, 2010         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon William Helmer and Counsel of Record on this date.


Dated: September 7, 2010            s/ Lisa C. Bartlett
                                                     Case Manager