# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**WILLIAM HELMER,**

       **Plaintiff,**

vs.

**BRIAN GUEST, KATHLEEN SOLOMON, OSCODA COUNTY, KEVIN GRACE, DAVE STENZEL, ED POKRZYWNICKI, and RONALD NIGHTINGALE,**

       **Defendants.**

       _____/

**CIVIL ACTION NO. 09-CV-11697**

**DISTRICT JUDGE PATRICK J. DUGGAN**

**MAGISTRATE JUDGE MONA K. MAJZOUB**

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (DOCKET NO. 85)

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint, filed on September 30, 2010. (Docket no. 85). The motion is fully briefed. All pretrial matters have been referred to the undersigned for action. (Docket no. 11). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently incarcerated at Bellamy Creek Correctional Facility in Ionia, Michigan. In his original Complaint filed May 4, 2009 Plaintiff alleges that Defendants Guest and Solomon used false evidence against him in a state court proceeding. Plaintiff also alleges that Defendant Guest assaulted him. On May 10, 2010 Plaintiff filed a Motion for Leave to Amend the Complaint for the

1

purpose of adding Oscoda County, Sheriff Kevin Grace, Deputy Dave Stenzel, Undersheriff Ed Pokrzywnicki, and Michigan State Police Detective Ronald Nightingale as Defendants in their individual and official capacities. (Docket no. 49). Plaintiff also sought to add individual capacity claims against Defendants Guest and Solomon, who were originally sued only in their official capacities. (Docket nos. 48, 49). On September 7, 2010 the Court entered an Order partially granting Plaintiff's Motion to Amend Complaint. (Docket no. 77).

On September 30, 2010 Plaintiff filed the instant Motion for Leave to Amend Complaint. (Docket no. 85). In this motion, Plaintiff seeks to file a Second Amended Complaint to add Judge Allen C. Yenior, Court reporter Dawn Freehling, and Beverly Kitchen as Defendants in their individual and official capacities. Plaintiff claims that Defendant Judge Yenior falsified a court document by documenting that Plaintiff waived his April 13, 2009 preliminary examination hearing when the hearing was in fact held; Dawn Freehling conspired with Judge Yenior and denied Plaintiff access to his April 13, 2009 preliminary examination transcripts; and on April 13, 2009 Beverly Kitchen conspired with Oscoda County Officials to maliciously prosecute Plaintiff by giving false statements to the Michigan State Police. (Docket no. 85). Plaintiff claims that the proposed amended claims and Defendants "relate back" to the date of the original Complaint.

Rule 15(a), Fed. R. Civ. P., provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1)(A),(B). Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision

2

whether to permit amendment is committed to the discretion of the trial court. *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974).

The Court finds that Plaintiff was aware of the proposed Defendants and his possible claims against them at the time he filed his original Complaint well over a year ago, and certainly by the time he filed his First Amended Complaint in May 2010. Plaintiff gives no reason why he did not seek to add the proposed Defendants in his First Amended Complaint. Furthermore, even if the Plaintiff had sought to add these Defendants in his previous Motion to Amend, Judge Yenior is entitled to absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction). Therefore any attempt by Plaintiff to amend his Complaint to add Judge Yenior as a Defendant is futile. Similarly, there is support for the proposition that Plaintiff's claims against the Court Reporter, Defendant Dawn Freehling, are futile as well. *See Tate v. Townsend*, No. 09-CV-12234, 2009 WL 2144419, at * 3 (E.D. Mich. July 13, 2009) (analyzing *Antoine v. Byers & Anderson*, 508 U.S. 429 (1993) and finding that because the plaintiff alleged that the court reporter withheld transcripts as part of a conspiracy directed by the Judge qualified immunity was available).

All of the Defendants have now filed appearances in this case and have filed dispositive motions which are currently pending before the Court. (Docket nos. 41, 71, 73, 91). The Court has been lenient with the Plaintiff in granting multiple extensions of time and has granted Plaintiff's first Motion to Amend Complaint. However, justice will not be served by further delays in adjudicating the issues in this case. Accordingly, consideration of the relevant factors weighs against granting the instant Motion for Leave to Amend Complaint. The Court will deny Plaintiff's motion.

3

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (docket no. 85) is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 16, 2010         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon William Helmer and Counsel of Record on this date.

Dated: November 16, 2010         s/ Lisa C. Bartlett
                                 Case Manager