UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM HELMER,

          **Plaintiff,**                  **CIVIL ACTION NO. 09-CV-11697**

    vs.

                                 **DISTRICT JUDGE PATRICK J. DUGGAN**

**BRIAN GUEST, KATHLEEN**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOLOMON, OSCODA COUNTY,**
**KEVIN GRACE, DAVE STENZEL,**
**ED POKRZYWNICKI, and RONALD**
**NIGHTINGALE,**

          **Defendants.**
_____/


## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that the Motion for Summary Judgment

filed by Defendant Brian Guest (docket no. 41) be **GRANTED IN PART**, and the Motion to

Dismiss or in the Alternative for Summary Judgment filed by Defendants Brian Guest, Kathleen

Solomon, Dave Stenzel, Kevin Grace, Ed Pokrzywnicki, and Oscoda County (docket no. 91) be

**GRANTED IN PART**.

**II.**    **REPORT:**

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state

prisoner currently incarcerated at Bellamy Creek Correctional Facility in Ionia, Michigan.

Defendants are Oscoda County Sheriff and Undersheriff Kevin Grace and Ed Pokrzywnicki, Oscoda

County Deputies Brian Guest and Dave Stenzel, Oscoda County Prosecutor Kathleen Solomon,

Oscoda County, and Michigan State Police Detective Ronald Nightingale. Presently before the

Court are two motions.  The first motion is the Motion for Summary Judgment filed by Defendant Guest.  (Docket no. 41).  The second motion is the Motion to Dismiss or in the Alternative for Summary Judgment filed by Defendants Guest, Solomon, Stenzel, Grace, Pokrzywnicki, and Oscoda County.  (Docket no. 91).  The motions are fully briefed.  All pretrial matters have been referred to the undersigned for action.  (Docket no. 11).  The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f).  These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.     Facts**

On September 5, 2008 Defendant Oscoda County Deputy Brian Guest arrested Plaintiff for domestic violence, assault with intent to do great bodily harm less than murder, and assault with intent to maim.  A preliminary examination was held on December 18, 2008.  During the examination Plaintiff allegedly ran free and kneed Defendant Guest in the groin.  (Docket no. 79, Ex. 2, 6).  Plaintiff was restrained and the preliminary examination continued.  Following the preliminary examination he was bound over for trial.  Plaintiff pleaded guilty on March 19, 2009 to the charge of assault with the intent to do great bodily harm less than murder and habitual offender second offense.  (Docket no. 41, Ex. 6 at 3).  On June 8, 2009 he was sentenced to a minimum term of 95 months imprisonment and a maximum term of 15 years imprisonment.  (Docket no. 97, Ex. 1 at 22).  He is currently incarcerated at Bellamy Creek Correctional Facility in Ionia, Michigan.

On December 18, 2008 Defendant Guest filed a police report related to Plaintiff's assault on him during the preliminary examination.  Plaintiff was subsequently charged with the offense of assaulting a police officer.  (Docket no. 79, Ex. 3).

On April 13, 2009 a preliminary examination was conducted on the charge of assaulting a police officer. Defendants Undersheriff Pokrzywnicki and Deputy Stenzel transported Plaintiff to the examination. Plaintiff states that prior to the examination Defendant Guest stood outside the holding cell where he could allegedly overhear Plaintiff's conversation with his attorney. Defendant Guest testified at the preliminary examination against the Plaintiff. Following the preliminary examination Plaintiff was bound over to circuit court to appear on June 8, 2009. (Docket no. 79, Ex. 10, 11). The record shows that the assaulting/resisting/obstructing a police officer charge was subsequently dropped.

Plaintiff alleges that he was escorted out of the courtroom in shackles by Defendants Stenzel and Pokrzywnicki at the conclusion of the April 13, 2009 preliminary examination. He contends that Defendant Guest was waiting in the hallway. Plaintiff states that Defendant Guest pulled his weapon, held it to Plaintiff's head, then put his gun away and hit Plaintiff in the face with his hand while Defendants Pokrzywnicki and Stenzel did nothing. Plaintiff claims to have sustained physical and mental injuries as a result of the Defendants' actions and seeks damages under 42 U.S.C. § 1983.

**B.      Standard**

Defendants move for an order dismissing Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12 and 56. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v.*

3

*Twombly,* 550 U.S. 544 (2007). To survive a Rule 12(b)(6) motion to dismiss " 'the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.' " *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). The complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level;' they must 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)).

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* In determining whether there are issues of fact for trial, the inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.      Analysis**

**1.      False Testimony/False Police Report Claims Against Defendants Guest and Solomon**

Plaintiff alleges that Defendant Guest falsified documents and testimony in connection with Plaintiff's April 13, 2009 preliminary examination on the assaulting/resisting/obstructing a police

officer charge. He also alleges that Defendant Solomon knew that Defendant Guest lied under oath

and did nothing to correct the inaccuracy, making her an accomplice to perjury. Defendants Guest

and Solomon have each filed separate Motions to Dismiss or in the Alternative for Summary

Judgment related to these claims. (Docket nos. 71, 73). On November 24, 2010 this Court entered

a Report and Recommendation recommending that Defendants Guest and Solomon's motions be

granted. (Docket no. 111). The Court further recommended that Defendant Solomon be dismissed

from this lawsuit. Because this Court has addressed Plaintiff's claims related to false documents and

testimony in its previous Report and Recommendation, it will not engage in further discussion of

these claims.

**2.      Excessive Force Claim Against Defendant Guest**

        *a.      Individual Capacity Claim*

        Plaintiff alleges that after the April 13, 2009 preliminary examination he saw Defendant

Pokrzywnicki hand Defendant Guest keys to gain access to the prisoner lockup, then escort his

family from the court room. (Docket no. 48). He claims that he was then escorted by Defendants

Pokrzywnicki and Stenzel out of the courtroom and through a back hallway where Defendant Guest

was waiting. Plaintiff states that Defendant Guest "pulled a gun and put it to my head touching me

with it," then said "James Alley sends his regards." (Docket nos. 46, 48). Plaintiff contends that

when he told Defendant Guest to "shoot me or put the gun away. He [Defendant Guest] put the gun

away and punched me in the face." (Docket no. 48). Plaintiff claims that he sustained injuries as

a result of the incident.

        The first step in evaluating a claim of excessive force under 42 U.S.C. § 1983 is to identify

the source of the constitutional right to be free of excessive force. Which constitutional amendment

applies "depends on the status of the plaintiff at the time of the incident, whether free citizen, convicted prisoner, or something in between." *Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002) (citation omitted). Defendant Guest argues that the excessive force claim should be analyzed under the Fourteenth Amendment substantive due process standard. The Fourteenth Amendment protects pretrial detainees against conduct by law enforcement officers that shocks the conscience. *Leary v. Livingston Cnty.*, 528 F.3d 438, 443 (6th Cir. 2008); *Aldini v. Johnson*, 609 F.3d 858, 865, 867 (6th Cir. 2010).

Plaintiff was a pretrial detainee in relation to the charge of assaulting/obstructing/resisting a police officer at the time Defendant Guest purportedly used excessive force against him. Indeed, he had just been bound over for trial on the charge. *See Aldini v. Johnson*, 609 F.3d at 866 (finding that the probable cause hearing provides the dividing line between the Fourth and Fourteenth Amendment in excessive force claims brought under 42 U.S.C. ¶ 1983). However, less than one month prior to the excessive force incident, Plaintiff had pleaded guilty to the charge of assault with the intent to do great bodily harm less than murder and habitual offender second offense. (Docket no. 41, Ex. 6 at 3). At the time of the incident giving rise to this Complaint, Plaintiff was awaiting sentencing for that crime. Under slightly different facts, courts have found that a convicted plaintiff's excessive force claim is governed by the Eighth Amendment even if the plaintiff has not yet been sentenced. *See Mobayed v. Pastina,* No. 94 Civ. 6386, 1996 WL 741744, at *4 (S.D. N.Y. Dec. 27, 1996) (collecting cases); *Jeanty v. Orange Cnty.*, 379 F. Supp. 2d 533, 539 (S.D. N.Y. 2005); *Morrison v. Greenwald*, No. 3:09-cv-009, 2010 WL 1253962, at *8 (S.D. Ohio Feb. 24, 2010). *See also Berry v. City of Muskogee,* 900 F.2d 1489, 1493 (10th Cir. 1990) (concluding that there is "no reason to treat incarcerated persons whose guilt has been adjudicated formally but who

6

await sentencing like pretrial detainees. . . and we perceive every reason to treat those awaiting

sentencing the same as inmates already sentenced."). Consequently, the Court concludes that

because Plaintiff pleaded guilty to a crime prior to the excessive force incident, his claim of

excessive force implicates the Eighth Amendment.

The Sixth Circuit has defined the standard for evaluating Eighth Amendment excessive force

claims as follows:

> The test for whether the use of force violates the Eighth Amendment requires a court to determine if the defendant's conduct caused the "unnecessary and wanton infliction of pain." *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993) (citation omitted). In other words, [t]o ascertain whether excessive force was used under the Eighth Amendment, the court must determine whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Such a claim has both an objective and a subjective component. The objective component requires that the pain be serious. The subjective component requires that the offending, non-penal conduct be wanton.

*Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010) (quoting *Watkins v. Evans*, No. 95-4162,

95-4341, 1996 WL 499094 (6th Cir. Sept. 3, 1996)). "When prison officials maliciously and

sadistically use force to cause harm, contemporary standards of decency are always violated. . . .This

is true whether or not significant injury is evident." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

However, the Eighth Amendment prohibition does allow for *de minimis* uses of force that are not

repugnant to the conscience of mankind. *Id*. at 9-10.

In support of his motion, Defendant Guest submitted a copy of Plaintiff's preliminary

examination transcript, excerpts from Plaintiff's deposition testimony, and a Michigan State Police

Investigation packet. (Docket no. 41, Ex. 1-3). Witness statements in the investigation packet taken

from Defendants Stenzel, Solomon, Guest, and the victim's mother state that Defendant Guest did

not leave the courtroom and enter the prisoner hallway where the alleged assault occurred. If

7

Defendant Guest remained in the courtroom following the Plaintiff's preliminary examination as the witness statements allege, he could not have engaged in the conduct for which he is now accused.

The parties have not advanced any argument concerning whether the Court may consider the statements made in the police investigation report as affirmative evidence in support of Defendant Guest's motion. Generally, witness statements contained within a police report constitute inadmissible hearsay unless the statements fall under an exception to the hearsay rule. *Kubik v. Brown*, 979 F. Supp. 539, 544 (W.D. Mich. 1997); *Kinross Charter Twp. v. Osborn*, No. 2:06-cv-246, 2007 WL 4284861, at *6 (W.D. Mich. Dec. 3, 2007). *See also Tinsley v. General Motors Corp.*, 227 F.3d 700, 703 (6th Cir. 2000) (hearsay evidence cannot be considered in support of or in opposition to a motion for summary judgment).

In opposition to the motions, Plaintiff produced a voluntary statement of Defendant Guest which provides that Defendants Pokrzywnicki and Stenzel secured custody of the Plaintiff at the conclusion of the preliminary examination and escorted him out of the courtroom. The statement provides that "I [Defendant Guest] followed behind [the] Deputies until I got to the hallway of the holding cell." (Docket no. 113, voluntary statement of Brian Guest). Plaintiff also produced a copy of the Michigan State investigation report in which Defendant Nightingale, the author of the report, states that he "observed a small vertical linear type scratch on [Plaintiff's] right upper cheek." (Docket no. 113, Michigan State Police Incident Report at 4). This evidence showing that there was a scratch on Plaintiff's cheek is consistent with Plaintiff's claim that Defendant Guest punched him in the face causing a superficial abrasion. There is no evidence in the record to show that the Plaintiff had a scratch on his cheek before the alleged excessive force incident occurred. The Court has also been provided with the Plaintiff's deposition testimony which confirms Plaintiff's account

8

of the incident and provides support for his opposition to the motions. (Docket no. 41, Ex. 2). Viewing the evidence in the light most favorable to the Plaintiff, the Court finds that there are genuine issues of material fact concerning whether Defendant Guest exited the courtroom and entered the hallway following the preliminary examination hearing, and then put a gun to Plaintiff's head and punched him in the face.

Defendant Guest argues that even if the Court accepts Plaintiff's version of the facts as true, his conduct did not rise to the level of a constitutional violation. He contends that any force used in allegedly administering a glancing blow to Plaintiff's face was *de minimis*. He further argues that because he did not fire or threaten to fire the weapon, his alleged action in displaying his weapon was not unconstitutional.

The Sixth Circuit has found "uses of force to be more than *de minimis*, despite the fact that the plaintiff suffered no physical injuries, where such force exacts psychological harm and produces an environment of fear of arbitrary violence at the hands of guards." *Leary v. Livingston Cnty.*, 528 F.3d at 452 (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995) (finding that the officer's actions in cutting plaintiff's hair with a knife while an officer held the plaintiff's hands behind his back were designed to frighten and degrade the plaintiff by reinforcing the fact that the plaintiff's continued well-being was entirely dependent on the good humor of his guards)). The evidence suggests that Plaintiff was shackled and surrounded by three law enforcement officers in a secluded back hallway when Defendant Guest allegedly placed a gun to Plaintiff's head and punched him in the face. There is no evidence that Plaintiff posed a danger at the time the incident occurred. Plaintiff claims that he suffered mental and physical injuries as a result of this incident. Based on this evidence, triable issues remain as to whether Defendant Guest's conduct violated

9

Plaintiff's Eighth Amendment rights. Plaintiff has not asserted cognizable claims of excessive force against Defendant Guest under the Fourth and Fourteenth Amendments, therefore any such claims should be dismissed.

> b. *Official Capacity Claim*

To prevail on his official capacity claim against Defendant Guest, Plaintiff must allege and show that Defendant Guest's alleged unconstitutional actions stemmed from a municipal policy, custom, or procedure which, when implemented, caused the injuries about which the Plaintiff complains. *See Monell v. Dep't of Social Serv.*, 436 U.S. 658, 694 (1978).

Plaintiff has not alleged adequate facts to show, or provided evidence to prove, that Oscoda County maintained a policy, practice, or custom that was the moving force behind Defendant Guest's use of excessive force and which caused Plaintiff's injuries. Accordingly, Plaintiff's official capacity claim against Defendant Guest should be dismissed.

**3.      Assault and Battery Claim Against Defendant Guest**

In response to Defendant Guest's Motion for Summary Judgment, Plaintiff argues that Defendant Guest's actions constitute assault and battery in violation of state law. (Docket no. 46 at 13-14). While *pro se* pleadings are held to a less stringent standard than pleadings drafted by lawyers, a *pro se* plaintiff is not exempt from complying with basic pleading requirements. Plaintiff's Complaint and Amended Complaint fail to identify that the Plaintiff is pursuing a state law cause of action or state that he is entitled to relief under state law. Since the filing of Plaintiff's Complaint the parties and the Court have construed the allegations in Plaintiff's Complaint and Amended Complaint as arising under 42 U.S.C. § 1983. Furthermore, Plaintiff's Amended Complaint states that he is bringing his claims under 42 U.S.C. § 1983. (Docket no. 48). Now that

discovery is closed and dispositive motions have been filed, Plaintiff cannot add additional causes

of action against the Defendants. Accordingly, the Court should find that Plaintiff has failed to state

a claim of assault and battery against Defendant Guest or any other Defendant.

**4.      Failure to Exhaust Administrative Remedies Against Defendants Pokrzywnicki,**

**Stenzel, Grace, and Oscoda County**

Defendants Pokrzywnicki, Stenzel, Grace, and Oscoda County argue that Plaintiff failed to

exhaust his administrative remedies against them as required under the Prison Litigation Reform Act

("PLRA"), 42 U.S.C. § 1997e. The record shows that Plaintiff filed a grievance with the

Montmorency County Sheriff Department on April 14, 2009. (Docket no. 46, Ex. 17). The

grievance states that Plaintiff was taken to the courthouse where he had a gun put to his head by

Defendants Guest, Stenzel, and Pokrzywnicki. In addition, a voluntary statement given by Plaintiff

and attached to his grievance states that he was taken to court by Defendants Stenzel and

Pokrzywnicki, who were also witnesses against him, and while there observed Defendant Guest

standing next to the door listening to the conversation between Plaintiff and his lawyer. (Docket no.

46, Ex. 18). Plaintiff then reiterates his claims that Defendant Guest put a gun to his head and struck

him with his hand while Plaintiff was being escorted by Defendants Stenzel and Pokrzywnicki.

Plaintiff's grievance was forwarded to the Michigan State Police for investigation.

In his grievance Plaintiff fails to identify any wrongdoing by Defendants Grace or Oscoda

County. For that reason the Court should find that Plaintiff failed to exhaust his administrative

remedies against Defendants Grace and Oscoda County. However, Plaintiff's grievance identifies

Defendants Guest, Stenzel, and Pokrzywnicki by name. Defendants have not provided the Court

with a copy of the Montmorency County Jail Grievance policy in effect at the time of the alleged

11

incident.  Consequently, it is impossible for the Court to conclude that Plaintiff was required to do more in order to properly exhaust his administrative remedies against Defendants Guest, Stenzel, and Pokrzywnicki.

**5.      Claims Against Defendants Grace and Oscoda County**

Even if the Court were to conclude that Plaintiff's claims against Defendants Grace and Oscoda County should not be dismissed for failure to exhaust his administrative remedies, these Defendants are entitled to dismissal of Plaintiff's claims.  In various motions and responses filed with the Court, Plaintiff has alleged that Defendant Grace violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights, and Defendant Oscoda County violated his Fourth, Sixth, and Fourteenth Amendment rights, by their repeated assignment of witnesses and victims to transport and guard Plaintiff, which gave the witnesses and victims access to hear Plaintiff's privileged communications with his attorney and access to assault the Plaintiff.  (Docket no. 113 at 5, 7). Plaintiff's Complaint and Amended Complaint do not state any factual allegations against Defendants Grace or Oscoda County.

Plaintiff failed to allege facts or provide evidence to support claims against Defendants Grace or Oscoda County under the Fourth and Fourteenth Amendments.  Thus, any such claims should be dismissed.

The Fifth Amendment to the United States Constitution applies only to actions of the federal government and does not apply where the acts complained of were committed by state rather than federal officials.  *Riley v. Camp,* 130 F.3d 958, 972 n.19 (11th Cir. 1997); *see also Newsom v. Vanderbilt Univ.,* 653 F.2d 1100, 1113 (6th Cir. 1981).  Therefore, this claim must fail.

To establish a Sixth Amendment violation in the context of § 1983 based on Defendant

Guest's alleged monitoring of Plaintiff's conversation with his attorney, Plaintiff must show that the government intrusion in the attorney-client relationship prejudiced the Plaintiff in his criminal case by depriving him of his right to counsel or his right to the effective assistance of counsel. *Horacek v. Seaman*, No. 08-10866, 2009 WL 2928546, at *10 (E.D. Mich. Sept. 10, 2009). Plaintiff has failed to allege facts or provide evidence to support a Sixth Amendment claim against Defendants Grace or Oscoda County. Therefore, to the extent he has raised such claims, they should be dismissed.

Plaintiff has failed to show how any of his injuries were caused by Defendant Grace's purported decision to assign Defendant Guest to stand guard over Plaintiff and listen to his confidential conversations with his attorney. He also has not demonstrated that Defendant Grace's alleged decision to allow witnesses to transport him to and from the courthouse was the cause of any of his injuries. Plaintiff has not even provided the Court with evidence to show that Defendant Grace made the decision to allow Defendant Guest to stand guard over Plaintiff or permit Defendants Pokrzywnicki and Stenzel to transport him from the courthouse. Nor is there evidence to show that Defendant Grace was personally involved in or otherwise encouraged Defendant Guest's alleged assault. *See Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982). On this record, no reasonable jury could find in plaintiff's favor on his individual capacity claims against Defendant Grace.

Similarly, Plaintiff's official capacity claims against Defendant Grace, and his claims against Oscoda County should also be dismissed. Plaintiff has not alleged and there is no evidence to show that Oscoda County maintained a custom, practice, official policy, or a failure to train which violated Plaintiff's constitutional rights and caused the injuries for which he complains. Plaintiff's arguments

asserted against Defendants Grace and Oscoda County amount to unsupported legal conclusions. Accordingly, his official capacity claims against Defendants Grace and Oscoda County should be dismissed.

**6.      Excessive Force Claims Against Defendants Pokrzywnicki and Stenzel**

In arguments made to the Court Plaintiff claims that Defendant Pokrzywnicki violated his Fourth, Sixth, Eighth, and Fourteenth Amendment rights by giving Defendant Guest the key and access to the prisoner lockup even though Defendant Guest was the victim in the assault case. (Docket no. 113 at 5).  Plaintiff further alleges that Defendants Pokrzywnicki and Stenzel violated his Fourth, Eighth, and Fourteenth Amendment rights by aiding Defendant Guest's unprovoked assault on him and by failing to prevent or report the incident.  (Docket no. 113 at 6).  As discussed above, Plaintiff's excessive force claims should be assessed under the Eighth Amendment.  His claims under the Fourth, Sixth, and Fourteenth Amendments should be dismissed.

An officer observing an unlawful punishment or beating owes a prisoner a duty of protection under the Eighth Amendment.  *See McHenry v. Chadwick,* 896 F.2d 184, 188 (6th Cir. 1990).  An officer who fails to act to prevent the use of excessive force may be held liable when "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Turner v. Scott,* 119 F.3d 425, 429 (6th Cir. 1997) (citation omitted).

The record is devoid of any evidence demonstrating that Defendant Pokrzywnicki had reason to know that Defendant Guest would use keys given to him by Defendant Pokrzywnicki to access prisoner lockup and use excessive force against the Plaintiff.  Accordingly, Plaintiff's claim that Defendant Pokrzywnicki violated his constitutional rights by giving Defendant Guest the key and

14

access to the prisoner lockup even though Defendant Guest was the victim in the assault case should be dismissed.

However, Plaintiff has submitted evidence to show that Defendants Pokrzywnicki and Stenzel escorted the Plaintiff out of the courtroom and were present while the alleged excessive force incident occurred. Therefore, the Court should find that triable issues exist concerning whether Defendants Pokrzywnicki and Stenzel observed or had reason to know that excessive force was being used against the Plaintiff, and whether they had the opportunity and the means to prevent the harm from occurring.

**7.     Malicious Prosecution Claims**

In his Motion to Amend his Complaint Plaintiff sought leave to amend his Complaint to assert among other things malicious prosecution claims against Defendants Pokrzywnicki and Stenzel. (Docket no. 77). To prevail on a malicious prosecution claim "a plaintiff must show, at a minimum, that there was no probable cause to justify [his] arrest and prosecution." *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003) (citation and internal quotation marks omitted). Plaintiff's Amended Complaint fails to state any factual allegations to support malicious prosecution claims against Defendants Pokrzywnicki and Stenzel. Furthermore, there is no evidence in the record to support malicious prosecution claims against these Defendants. Moreover, Defendants Pokrzywnicki and Stenzel may not be held liable for malicious prosecution when they did not make the decision to prosecute Plaintiff. *See Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002); *Matthews v. Blue Cross and Blue Shield of Michigan*, 572 N.W.2d 603, 612-13 (Mich. 1998).

On November 24, 2010 this Court entered a Report and Recommendation related to Motions for Summary Judgment filed by Defendants Guest and Solomon. In that Report and

Recommendation the Court addressed Plaintiff's malicious prosecution claims against Defendants Guest and Solomon and recommended that the motions be granted. Therefore, the Court will not engage in further discussion of Plaintiff's malicious prosecution claims as they relate to Defendants Guest and Solomon. Insofar as Plaintiff has asserted malicious prosecution claims against Defendants Pokrzywnicki and Stenzel, all such claims should be dismissed.

**8.    Qualified Immunity**

Defendants argue that are entitled to dismissal of their individual capacity claims under the doctrine of qualified immunity. Summary judgment based on a qualified immunity defense is not appropriate in a § 1983 action "if there is a factual dispute (*i.e.*, a genuine issue of material fact) involving an issue on which the question of immunity turns. . . ." *Poe v. Haydon,* 853 F.2d 418, 426 (6th Cir. 1988). Accordingly, the Court finds that Defendants Guest, Pokrzywnicki, and Stenzel are not entitled to qualified immunity on the excessive force claims.

**9.    Additional Constitutional Violations**

Plaintiff asserts a confusing array of new allegations and constitutional violations caused by the Defendants in his response to the Defendants' Motion for Summary Judgment. (Docket no. 113). As an example, Plaintiff alleges in his latest response that Defendants Solomon violated Plaintiff's Sixth and Fourteenth Amendment rights by allowing Beverly Kitchen to act under color of state law and prosecute Plaintiff and conspire to assault and maliciously prosecute him. (Docket no. 113 at 24). He also alleges that Defendants Solomon, Guest, and Oscoda County violated Plaintiff's Fifth Amendment rights by prosecuting Plaintiff twice for the same offense. (Docket no. 113 at 25). He has also for the first time alleged First Amendment violations. (Docket no. 113 at 26). A *pro se* plaintiff's complaint must contain either direct or inferential allegations respecting

16

all of the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). A court is not required to guess at the nature of the claim asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court therefore recommends that Plaintiff's Complaint proceed on his Eighth Amendment individual capacity claims of excessive force against Defendants Guest, Pokrzywnicki, and Stenzel. All other claims and Defendants, other than Defendant Nightingale, should be dismissed from this action.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised

in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 22, 2010         s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon William Helmer and Counsel of Record on this date.

Dated: December 22, 2010         s/ Lisa C. Bartlett
                                    Case Manager