UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HELMER,

    Plaintiff,

v.

Case No. 09-11697

Honorable Patrick J. Duggan

BRIAN GUEST, KATHLEEN SOLOMON,
OSCODA COUNTY, KEVIN GRACE,
DAVE STENZEL, ED POKRZYWNICKI,
and RONALD NIGHTINGALE

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 3, 2011.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On May 4, 2009, William Helmer ("Plaintiff"), a state prisoner currently incarcerated at the Bellamy Creek Correctional Facility, in Ionia, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his Amended Complaint, Plaintiff alleges that Defendants Guest and Solomon used false evidence against him in a court proceeding. Plaintiff further alleges that he was assaulted by Defendant Guest. The Court has referred this action to Magistrate Judge Mona K. Majzoub for all pretrial proceedings.

Presently before the Court are two motions to dismiss or for summary judgment with regard to Plaintiff's reinstated false testimony claim, filed by Defendants Guest and

Solomon. On November 24, 2010, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") in which she recommends that this Court grant these motions and dismiss Defendant Solomon from this action. Magistrate Judge Majzoub concludes that Plaintiff's false document claim against Defendant Guest in his individual capacity fails, as any false statements in the police report or affidavit did not affect the finding of probable cause to charge Plaintiff with assaulting a police officer. As for Plaintiff's false document claim against Defendant Guest in his official capacity, Magistrate Judge Majzoub concludes that the Complaint fails to allege facts sufficient to show that Oscoda County maintained a policy, practice, or custom of falsifying documents, or that such a policy caused Plaintiff's injuries. Magistrate Judge Majzoub concludes that Plaintiff's false testimony claims should be dismissed because Defendants Guest and Solomon enjoy absolute immunity from such claims.

Plaintiff submitted objections to the R&R on December 6, 2010, which were filed with this Court on December 8, 2010. Defendants Guest and Solomon filed responses to Plaintiff's objections on December 28, 2010.

Plaintiff's first objection is that Defendants' motions are untimely, as they were filed after the April 9, 2010 cutoff for dispositive motions. To reject Defendants' motions on this basis would be manifestly unfair and contrary to this Court's previous Order. On June 9, 2009, the Court, acting *sua sponte*, dismissed Plaintiff's false testimony claims pursuant to 28 U.S.C. § 1915. Plaintiff moved for reconsideration on March 10, 2010, and the Court reinstated these claims in an Opinion and Order dated June 8, 2010. Defendant Guest then sought reconsideration of the June 8, 2010 Order. The Court denied Defendant

2

Guest's motion for reconsideration on July 6, 2010, but noted that dispositive motions could still be filed on the reinstated claims. *See* July 6, 2010 Op. and Order at 3. Guest and Solomon filed their motions for summary judgment on July 28, 2010 and August 24, 2010, respectively. Because the Court's Order of July 6, 2010 specifically permitted dispositive motions on the reinstated claims after the April 9, 2010 cutoff date, the Court finds that Defendants' motions were timely filed.

Plaintiff objects to Magistrate Judge Majzoub's failure to note the alleged assault by Guest. He also claims that the assault occurred in the prisoner lock-up. Because these facts are irrelevant to the false testimony claims resolved by the R&R, this objection merits no further discussion here.

Plaintiff objects to a statement in the R&R regarding an attempted murder charge. The R&R, however, does not purport to establish that Plaintiff was charged with attempted murder. Rather, the R&R notes that a statement made in support of the criminal complaint referred to an attempted murder case. *See* R&R at 3. The R&R is accurate in this regard, even if the statement referred to is untrue. Thus, the Court rejects Plaintiff's objection.

Plaintiff next objects to the R&R's statement that he was "subsequently arrested and charged with the offense of assaulting / resisting / obstructing a police officer." Plaintiff states that he was arrested twice, on December 18, 2008, and again on April 9, 2009. It is not clear to the Court how Plaintiff's objection calls the R&R's statement into question, or how it is relevant to Plaintiff's false testimony claims.

Plaintiff objects to the R&R's statement that "[t]he record shows that the assaulting / resisting / obstructing a police officer charge was dropped 'pursuant to the plea agreement'

3

entered in Plaintiff's domestic violence case." Again, it is unclear how this dispute is relevant to Plaintiff's false testimony claims.

Plaintiff objects to Magistrate Judge Majzoub's conclusion that Defendant Guest is not liable for malicious prosecution because he did not make the decision to prosecute. Plaintiff contends that false statements in Guest's police report influenced the prosecutor's decision to bring the assault charge. A police officer may be responsible for commencing criminal proceedings for purposes of a malicious prosecution claim where he made, influenced, or participated in the decision to prosecute. *Sykes v. Anderson*, 625 F.3d 294, 311 (6th Cir. 2010). An officer's submission of misleading investigatory materials may result in liability only where the misrepresentations can be said to have influenced the decision to institute criminal proceedings. *Id.* at 314. Plaintiff alleges that Guest's police report falsely states that he was in court regarding an attempted murder charge. Am. Compl. ¶ 1. This statement is irrelevant to a determination of probable cause to charge Plaintiff with assault, as it does not matter whether Guest was in court concerning attempted murder or some other crime. Guest testified that Plaintiff attacked him at the preliminary examination, establishing probable cause for the assault charge. Because Guest's allegedly false statement did not make or influence the prosecutor's decision to institute criminal proceedings, he cannot be liable for malicious prosecution under § 1983.

Plaintiff objects to Magistrate Judge Majzoub's conclusion that any false statements regarding an attempted murder charge were immaterial and unnecessary to find probable cause to charge Plaintiff with assault. As stated above, the Court concludes that the allegedly false statements were irrelevant to a determination of probable cause. Plaintiff's

malicious prosecution claim therefore fails as a matter of law.

Plaintiff disagrees with Magistrate Judge Majzoub's conclusion that the Complaint fails to allege facts sufficient to show that Oscoda County maintained a policy, practice, or custom of falsifying documents that was the moving force behind Plaintiff's alleged injuries. Section 1983 does not "impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018, 2036 (1978). The Court concludes that Plaintiff has failed to state any facts establishing that Defendant Guest's alleged conduct reflected an official policy or custom of Oscoda County.

Plaintiff next objects to Magistrate Judge Majzoub's conclusion that Defendant Guest is entitled to absolute immunity. Police officers testifying as witnesses are entitled to absolute immunity from liability for damages based on their testimony. *Briscoe v. LaHue*, 460 U.S. 325, 335-36, 103 S. Ct. 1108, 1115-16 (1983). Plaintiff cites *Kalina v. Fletcher*, 522 U.S. 118, 118 S. Ct. 502 (1997), for the proposition that there is a complaining witness exception to absolute testimonial immunity. *Kalina*, however, defined an exception to prosecutorial immunity, holding that a prosecutor performing the role of a complaining witness was not entitled to absolute prosecutorial immunity. *Id.* at 129-131, 118 S. Ct. at 509-10. Plaintiff also cites *Moldowan v. City of Warren*, 570 F.3d 698 (6th Cir. 2009), but his reliance is misplaced. The *Moldowan* court held that while there is an exception to absolute testimonial immunity for an official performing the function of a complaining witness, the exception does not extend to testimony delivered at trial. *Id.* at 735. "As with any witness, police officers enjoy absolute immunity for any

5

testimony delivered 'at adversarial judicial proceedings.'" *Id.* at 735-36 (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 738 (6th Cir. 2006)). Because Plaintiff's claim is based on Guest's allegedly false testimony, rather than his role as a complaining witness, Guest is entitled to absolute testimonial immunity. The Court rejects Plaintiff's objection.

Finally, Plaintiff objects to Magistrate Judge Majzoub's conclusion that Defendant Solomon is entitled to absolute immunity because she was acting in a prosecutorial role. Plaintiff points to the incident report created by Defendant Nightingale, noting that it lists Solomon as a witness. The Amended Complaint, however, claims only that Solomon knowingly elicited false testimony from Guest. Am. Compl. ¶ 10. Any statement that Solomon may have made to Nightingale is therefore irrelevant to Plaintiff's claim against Solomon. The elicitation of testimony was clearly within the scope of Solomon's duties in prosecuting a criminal case. Accordingly, the Court concludes that Solomon is entitled to absolute prosecutorial immunity from liability under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995 (1976).

For the reasons stated above, the Court concurs with the conclusions reached by Magistrate Judge Majzoub and rejects Plaintiff's objections to the R&R.

Accordingly,

**IT IS ORDERED** that Defendant Guest's Motion for Summary Judgment With Regard to Plaintiff's Reinstated False Testimony Claim is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Solomon's Motion for Summary Judgment With Regard to Plaintiff's Reinstated False Testimony Claim is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Solomon is dismissed from this

6

action.

                                                          <u>s/PATRICK J. DUGGAN</u>  
                                                          UNITED STATES DISTRICT JUDGE

Copies to:

William Helmer, #140677  
Bellamy Creek Correctional Facility  
1727 West Bluewater Highway  
Ionia, MI 48846

D. Randall Gilmer, Esq.  
G. Gus Morris, Esq.  
Adam Purnell, A.A.G.