UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HELMER,

    Plaintiff,

v.

Case No. 09-11697

Honorable Patrick J. Duggan

BRIAN GUEST, KATHLEEN SOLOMON,
OSCODA COUNTY, KEVIN GRACE,
DAVE STENZEL, ED POKRZYWNICKI,
and RONALD NIGHTINGALE

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_February 3, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

On May 4, 2009, William Helmer ("Plaintiff"), a state prisoner currently incarcerated at the Bellamy Creek Correctional Facility, in Ionia, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is a Motion for Summary Judgment filed by Defendant Guest on April 9, 2010. Also before the Court is a Motion to Dismiss, or in the Alternative, for Summary Judgment, filed by Defendants Guest, Grace, Solomon, Stenzel, Pokrzywnicki, and Oscoda County on October 5, 2010. The Court has referred this action to Magistrate Judge Mona K. Majzoub for all pretrial proceedings.

On December 22, 2010, Magistrate Judge Majzoub issued a Report and

Recommendation ("R&R") in which she recommends that this Court grant Defendants' motions in part. Magistrate Judge Majzoub concludes that Plaintiff has established genuine issues of material fact regarding his individual capacity claim of excessive force against Defendant Guest. Magistrate Judge Majzoub also concluded that triable factual issues exist concerning Plaintiff's individual capacity excessive force claims against Defendants Pokrzywnicki and Stenzel. Magistrate Judge Majzoub concluded that Plaintiff's remaining claims against Defendants Guest, Solomon, Grace, Stenzel, Pokrzywnicki, and Oscoda County should be dismissed. In addition, Magistrate Judge Majzoub recommends that this Court dismiss Defendants Solomon, Grace, and Oscoda County from this action.

Plaintiff submitted objections to the R&R on January 3, 2011, which were filed with this Court on January 5, 2011. Defendants filed responses to Plaintiff's objections on January 18, 2011.

Plaintiff's first objection is that Defendants' motions are untimely, as they were filed after the April 9, 2010 cutoff for dispositive motions. After that date, however, the Court reinstated Plaintiff's false testimony claims and permitted Plaintiff to amend his Complaint to add new defendants. The Court specifically noted that a new Scheduling Order would be entered to minimize prejudice to the new defendants, as deadlines for both dispositive motions and discovery had already passed. *See* Sept. 7, 2010 Op. and Order at 6. Thus, the Court cannot conclude that Defendants' motions are untimely.

Plaintiff next objects to Magistrate Judge Majzoub's recommendation to dismiss his false document and false testimony claims. Magistrate Judge Majzoub addressed these

2

claims in a separate Report and Recommendation issued on November 24, 2010, and Plaintiff filed objections to her recommendation on December 8, 2010. The Court has concluded, in a separate Opinion and Order, that Plaintiff's objections lack merit and the false testimony claims must be dismissed. The Court therefore declines to discuss the false testimony claims in further detail here.

Plaintiff objects to Magistrate Judge Majzoub's conclusion that his official capacity claims must be dismissed. In support of his position, Plaintiff asserts essentially the same arguments he relied upon in objecting to Magistrate Judge Majzoub's Report and Recommendation of November 24, 2010. Because the Court has already concluded that these arguments lack merit, they will not be addressed here. Plaintiff cites *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001), for the proposition that even a bare allegation that officers' conduct conformed to official policy is sufficient to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Brandon v. Holt*, 469 U.S. 464, 472 n.21, 105 S. Ct. 873, 878 n.21 (1985) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2035 n.55 (1978)). For Plaintiff to hold a municipality liable for his injuries, he must establish that a municipal policy or action was the "moving force" behind the injury. *Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004). Plaintiff has not alleged facts sufficient to find that a policy of Oscoda County was the moving force behind his injuries; thus, his official capacity claim against Guest fails.

Plaintiff objects to Magistrate Judge Majzoub's conclusion that he has failed to assert state law claims of assault and battery. Plaintiff contends that he should be permitted to add these claims due to his *pro se* status. Plaintiff's Complaint and Amended Complaint, however, clearly stated that his claims arose under 42 U.S.C. § 1983. The Court also recognizes that Magistrate Judge Majzoub denied Plaintiff's motion to file a Second Amended Complaint, noting that the Court has been lenient in granting him extensions and that several dispositive motions were pending before the Court. The Court concludes that the Amended Complaint fails to assert state law assault or battery claims, and rejects Plaintiff's objection.

Plaintiff next objects to Magistrate Judge Majzoub's conclusion that his claims against Defendants Grace and Oscoda County should be dismissed for failure to exhaust administrative remedies. Plaintiff asserts that Defendants failed to raise this affirmative defense. Defendants, however, have not yet filed Answers to the Amended Complaint. Plaintiff also asserts that he was unaware of any administrative remedies, but he clearly exercised those remedies in making his claims against other Defendants. The Court therefore rejects Plaintiff's objection.

Plaintiff objects to Magistrate Judge Majzoub's conclusion that he has not shown how the decision to allow witnesses to guard and transport Plaintiff led to his injuries. Plaintiff makes conclusory assertions to this effect, but fails to establish a more substantial link. Plaintiff also asserts that the presence of officers during conversations with his attorney violated his Sixth Amendment rights. Plaintiff admits that "the mere presence of a guard may not impede the attorney-client relationship," but fails to establish anything

4

further in support of his Sixth Amendment claim. Plaintiff has not shown that Guest interfered in any way with his right to the effective assistance of counsel. Standing alone, this is plainly insufficient to support Plaintiff's Sixth Amendment claim.

Plaintiff disagrees with Magistrate Judge Majzoub's recommendation that this Court dismiss the malicious prosecution claims brought against Pokrzywnicki and Stenzel. A police officer may be responsible for commencing criminal proceedings for purposes of a malicious prosecution claim where he made, influenced, or participated in the decision to prosecute. *Sykes v. Anderson*, 625 F.3d 294, 311 (6th Cir. 2010). Plaintiff has failed to set forth any evidence showing that Pokrzywnicki or Stenzel made, influenced, or participated in the decision to prosecute him. Plaintiff has also failed to identify any specific false statements made by Pokrzywnicki or Stenzel. Accordingly, neither Pokrzywnicki nor Stenzel can be held liable for malicious prosecution under § 1983.

Finally, Plaintiff objects to Magistrate Judge Majzoub's recommendation "in regards to additional constitutional violations." This vague statement appears to refer to Plaintiff's proposed Second Amended Complaint. Because Magistrate Judge Majzoub has already denied Plaintiff's motion to file his Second Amended Complaint, the Court declines to consider Plaintiff's additional constitutional claims.

For the reasons stated above, the Court concurs with the conclusions reached by Magistrate Judge Majzoub and rejects Plaintiff's objections to the R&R.

Accordingly,

**IT IS ORDERED** that Defendant Guest's Motion for Summary Judgment is **DENIED** with respect to the individual capacity excessive force claim against him, and

**GRANTED** with respect to the remaining claims against him;

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Defendants Pokrzywnicki and Stenzel is **DENIED** with respect to the individual capacity excessive force claims against them, and **GRANTED** with respect to the remaining claims against them;

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** with respect to the claims against Defendants Solomon, Grace, and Oscoda County;

**IT IS FURTHER ORDERED** that Defendants Solomon, Grace, and Oscoda County are **DISMISSED** from this action.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

William Helmer, #140677
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846

D. Randall Gilmer, Esq.
G. Gus Morris, Esq.
Adam Purnell, A.A.G.

6