UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HELMER,

          **Plaintiff,**                    **CIVIL ACTION NO. 09-CV-11697**

    **vs.**

                                    **DISTRICT JUDGE PATRICK J. DUGGAN**

**BRIAN GUEST, KATHLEEN**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOLOMON, OSCODA COUNTY,**
**KEVIN GRACE, DAVE STENZEL,**
**ED POKRZYWNICKI, and RONALD**
**NIGHTINGALE,**

          **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that the Motion for Partial Summary Judgment filed by Plaintiff (docket no. 122) be **DENIED**.

**II.**    **REPORT:**

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment. (Docket no. 122). Defendants Guest, Solomon, Stenzel, Grace, Pokrzywnicki, and Oscoda County filed a response. (Docket no. 127). Defendant Nightingale also filed a response. (Docket no. 134). All pretrial matters have been referred to the undersigned for action. (Docket no. 11). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

The procedural and substantive facts of this case have been set forth at length in prior Reports and Recommendations and Orders of this Court and will not be repeated herein. Plaintiff

1

moves pursuant to Federal Rule of Civil Procedure 56 for partial summary judgment on his claims of malicious prosecution in relation to Defendants' alleged use of falsified documents and testimony in a court proceeding. (Docket no. 122). This Court previously considered Plaintiff's arguments and recommended that Plaintiff's falsified documents, false testimony, and malicious prosecution claims against Defendants Guest and Solomon be dismissed. (Docket nos. 111, 118). The Court also recommended dismissal of any similar claims directed at Defendants Pokrzywnicki and Stenzel, and recommended dismissal of Plaintiff's claims against Defendants Grace and Oscoda County for failure to exhaust administrative remedies. (Docket no. 118). Plaintiff filed objections to the Reports and Recommendations. (Docket nos. 115, 116, 121). The Court reviewed Plaintiff's objections and dismissed all claims against Defendants Solomon, Grace, and Oscoda County. (Docket nos. 129, 130). The Court also dismissed all claims against Defendants Guest, Pokrzywnicki, and Stenzel, other than Plaintiff's individual capacity excessive force claims. (Docket nos. 129, 130). While Plaintiff has alleged a malicious prosecution claim against Defendant Nightingale, his Motion for Partial Summary Judgment does not address that specific claim. (Docket nos. 48 at ¶¶ 18-22, 122). Accordingly, Plaintiff's Motion for Partial Summary Judgment (docket no. 122) should be denied.

III.     **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation.  *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2),

a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later

than fourteen days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity.  The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.


Dated: May 9, 2011                    s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE




**<u>PROOF OF SERVICE</u>**

I hereby certify that a copy of this Report and Recommendation was served upon William

Helmer and Counsel of Record on this date.


Dated: May 9, 2011                    s/ Lisa C. Bartlett
                                      Case Manager