UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HELMER,

    Plaintiff,

v.

BRIAN GUEST, KATHLEEN SOLOMON,
OSCODA COUNTY, KEVIN GRACE,
DAVE STENZEL, ED POKRZYWNICKI,
and RONALD NIGHTINGALE

    Defendants.
_____/

Case No. 09-11697

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 14, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On May 4, 2009, William Helmer ("Plaintiff"), a state prisoner currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court has referred this matter to Magistrate Judge Mona K. Majzoub for all pretrial proceedings. Before the Court are Plaintiff's objections to Magistrate Judge Majzoub's orders denying his motion to amend his Complaint and striking his Amended Complaint from the record. For the reasons stated below, the Court rejects Plaintiff's objections.

**I. Procedural Background**

Plaintiff's original Complaint named only Brian Guest and Kathleen Solomon as Defendants. On May 10, 2010, Plaintiff filed a motion to amend his Complaint, seeking to add Defendants Grace, Stenzel, Pokrzywnicki and Nightingale. Magistrate Judge Majzoub granted this motion in part in an order dated September 7, 2010.

On September 30, 2010, Plaintiff filed a second motion to amend his Complaint, this time seeking to add claims against District Court Judge Allen C. Yenior, court reporter Dawn Freehling, and Beverly Kitchen. Magistrate Judge Majzoub denied Plaintiff's motion in an order dated November 16, 2010, concluding that Plaintiff was aware of his potential claims against these defendants at the time he filed his original Complaint, yet had provided no reason for failing to include these defendants in either his Complaint or his first Amended Complaint. Magistrate Judge Majzoub also concluded that the claims against Judge Yenior and Freehling were futile because these defendants were entitled to absolute or qualified immunity. Magistrate Judge Majzoub noted that all of the defendants had filed appearances and dispositive motions. Finally, Magistrate Judge Majzoub noted that Plaintiff had been granted multiple extensions of time and leave to file his first Amended Complaint. Magistrate Judge Majzoub concluded that the interests of justice would not be further served by delaying resolution of this case, and therefore denied Plaintiff's motion to file a second Amended Complaint.

Plaintiff filed objections dated November 22, 2010, arguing that the Court should grant him leave to amend his Complaint. On May 9, 2011, Magistrate Judge Majzoub issued an order striking Plaintiff's second Amended Complaint from the record. *See* Dkt. #139. Plaintiff responded by refiling his objections.

## II. Discussion

Where a party objects to a magistrate judge's nondispositive order, the Court sets aside the order if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A decision is "clearly erroneous" where the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948).

Plaintiff first objects to Magistrate Judge Majzoub's conclusion that Judge Yenior is entitled to judicial immunity. "'Judicial immunity' is shorthand for the doctrine of absolute immunity that operates to protect judges and quasi-judicial officers alike from suit in both their official and individual capacities." *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007). "Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits." *DePiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999). This immunity is only overcome where a judge is sued for actions taken outside his judicial capacity or actions taken in the complete absence of all jurisdiction. *Dixon*, 492 F.3d at 674.

Plaintiff alleges that Judge Yenior falsified court documents showing that Plaintiff waived his preliminary examination. Plaintiff further alleges that Judge Yenior ordered the court reporter to deny Plaintiff's request for transcripts. These allegations certainly relate to actions taken in Judge Yenior's judicial capacity, and there is no indication that the court lacked jurisdiction. Thus, the doctrine of judicial immunity bars Plaintiff's claim for damages. Plaintiff also seeks injunctive relief, asking that Judge Yenior refrain from unconstitutional behavior, but § 1983 bars such a claim: "[I]n any action brought against a

judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As no such decree was violated, Plaintiff's claim for injunctive relief is futile.

Plaintiff cites *Muhammad v. Paruk*, 553 F. Supp. 2d 893 (E.D. Mich. 2008), for the proposition that absolute judicial immunity is not available when a judge is sued in his official capacity. *Muhammad*, however, held that the Eleventh Amendment to the United States Constitution barred a claim for damages against a state court judge in his official capacity. *Id.* at 898. The court also noted that the plain language of § 1983 barred the plaintiff's claim for injunctive relief. *Id.* at 899. *Muhammad* therefore provides little support for Plaintiff's argument. As the claims against Judge Yenior are futile, the Court accordingly rejects Plaintiff's objection.

Plaintiff objects to Magistrate Judge Majzoub's conclusion that Defendant Freehling is also entitled to immunity. A court reporter acting at a judge's direction is entitled to qualified immunity. *Green v. Maraio*, 722 F.2d 1013, 1018-19 (2d Cir. 1983); *see also James v. Scavoni*, No. 99-2066, 2000 U.S. App. LEXIS 21515, at *5 (6th Cir. Aug. 18, 2000). Plaintiff specifically asserts that Judge Yenior directed Freehling to deny his transcript request. Because Freehling is entitled to qualified immunity, the Court rejects Plaintiff's objection.

Plaintiff next objects to the following statement in Magistrate Judge Majzoub's order: "All of the Defendants have now filed appearances in this case and have filed dispositive motions which are currently pending before the Court." 11/16/10 Order at 3.

4

Plaintiff contends that Defendant Nightingale has not filed a dispositive motion. The Court notes, however, that Nightingale filed an Answer to the Amended Complaint on October 27, 2010. The fact that Nightingale filed an Answer rather than a dispositive motion does not undermine Magistrate Judge Majzoub's conclusions regarding the impact of further delays on the defendants. The Court therefore rejects Plaintiff's objection.

Plaintiff objects to Magistrate Judge Majzoub's conclusion that justice would not be served by further delays in adjudicating the issues in this case. In support of his position, Plaintiff notes that the scheduling order in this case has not been amended, as required by this Court's order dated June 8, 2010. That order addressed the need for an updated scheduling order due to the reinstatement of certain claims against Defendant Solomon after discovery and dispositive motion deadlines had passed. The filing of an updated scheduling order is not relevant to the delay that would be caused by allowing Plaintiff to amend his Complaint again at this stage of the proceedings. The decision to grant leave to amend is committed to the court's discretion. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Magistrate Judge Majzoub noted that Plaintiff has been given several extensions of time and has had ample opportunity to state his claims. Magistrate Judge Majzoub concluded that Plaintiff should be denied leave to amend the Complaint, and the Court concludes that her determination was not clearly erroneous. The Court therefore rejects Plaintiff's objection.

### III. Conclusion

The Court concludes that Magistrate Judge Majzoub's order denying Plaintiff's motion to amend was not clearly erroneous. For the same reasons, Magistrate Judge

5

Majzoub did not err in striking the second Amended Complaint from the record.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to Magistrate Judge Majzoub's orders denying his motion to amend and striking his Amended Complaint from the record are **REJECTED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:

Magistrate Judge Mona K. Majzoub

William Helmer, #140677
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846