UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**William Helmer,**

        **Plaintiff,**        **Civil Action No. 09-11697**

    **vs.**        **District Judge Patrick J. Duggan**

**Brian Guest, et al.,**        **Magistrate Judge Mona K. Majzoub**

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Ronald Nightingale's motion to dismiss or, alternatively, motion for summary judgment on Plaintiff William Helmer's due process, equal protection, retaliation, and malicious prosecution claims. (Dkt. 133.) The Court has been referred this motion pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 11.) The Court has reviewed the pleadings, dispenses with a hearing, and is now ready to issue this report and recommendation.[1]

### I. Recommendation

Because the Court finds that Plaintiff has failed to allege facts in his complaint that are sufficient to withstand a motion to dismiss, the Court recommends that Defendant's motion to dismiss/for summary judgment be granted.

### II. Report

#### A. Background facts

On May 4, 2009, Plaintiff filed this *pro se* civil rights action filed pursuant to 42 U.S.C.

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

§ 1983. Plaintiff is a state prisoner currently incarcerated at Bellamy Creek Correctional Facility in Ionia, Michigan. On May 10, 2010, Plaintiff filed a motion to amend his complaint. (Dkt. 49.) On September 7, 2010, the Court granted plaintiff's motion in part, allowing Plaintiff to add Defendant Nightingale as a defendant. (Dkt.77.)

Plaintiff included the following allegations against Defendant in his amended complaint:

- "On 4-15-09 [Plaintiff] was interviewed by Detective Ronald Nightingale of the Michigan State Police in regards to [Plaintiff's] complaints of perjury and assault that were committed by Deputy Brian Guest." (Dkt. 48, Am. Compl. ¶ 18.)

- "During the interview [Plaintiff] provided Detective Nightingale a statement, two documents proving the perjury, and names and addresses to [his] witnesses. Photographs were taken of [his] wounds. This interview took place in Montmorency County." (*Id.* ¶ 19.)

- "Plaintiff notes that Detective Nightingale never contacted any of [his] witnesses or investigated [his] claim that Deputy Guest committed perjury. This amounts to [his] constitutional right to due process as well as equal protection of the law being violated." (*Id.* ¶ 20.)

- "Plaintiff has been denied access to any evidence of the investigation including photographs of the crime scene and [his] wounds by Defendants and their lawyers." (*Id.* ¶ 21.)

- "On January 29, 2010 Plaintiff learned that Detective Ronald Nightingale initiated criminal charges against [him] with no probable cause in retaliation for [his] complaints of perjury and assault and did so with malice, therefore satisfying all elements of malicious prosecution." (*Id.* ¶ 22.)

Plaintiff filed an affidavit in opposition to Defendant Nightingale's motion. (Dkt. 135.) In his affidavit, Plaintiff adds that on May 26, 2009 Plaintiff "complained to Detective Night[i]ng[ale] that nothing was being done in regards to [Plaintiff's] complaint, and asked for copies of the investigation." (Dkt. 135, Pl.'s Aff. at 1-2.) Plaintiff also states that he found out that "Detective Nightingale never contacted any of [Plaintiff's] witnesses." (*Id.* at 2.) Plaintiff then concludes:

> Because of Detective Nightingal[e's] intentional discrimination because I was a convicted felon and under the care of doctors, I was injured by losing 61 days of dead time and psyc[h]ological stress due to Ronald Nightingal[e's] retaliation in initiating criminal charges with no probable cause.

(*Id.*)

### B. Standards

#### 1. Rule 12(b)(6) motion to dismiss standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. See *Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). See also *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

### 2. Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, id. at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

    **C.    Analysis**

Plaintiff asserts four claims against Defendant based on Defendant's alleged failure to investigate Plaintiff's claims against Deputy Guest and Defendant's alleged retaliation in seeking to prosecute Plaintiff. Nonetheless Plaintiff's complaint does not meet Rule 12(b)(6)'s pleading standards.

    **1.    Plaintiff has not sufficiently alleged a due process violation**

In his amended complaint, Plaintiff alleges that his constitutional right to due process was violated when Defendant did not contact any of Plaintiff's witnesses or investigate Plaintiff's claim that Deputy Guest committed perjury. (Am. Compl. ¶ 20.) Defendant does not address this issue. But the Court finds that dismissal of this claim is appropriate and will recommend dismissing it with prejudice.

"To state a claim of substantive due process," Plaintiff "must allege facts that would establish that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *Bertovich v. Vill. of Valley View, Ohio*, 09-4229, 2011 WL 2711088, at *4 (6th Cir. July 12, 2011) (citation and internal quotation marks omitted). Here, Plaintiff's due process claim fails. It fails because "individuals have no judicially cognizable interest in the prosecution or nonprosecution of another." *Id.* (citation and internal quotation marks omitted) (and stating, "citizens have no statutory or common law right, much less a constitutional right, to an investigation."). Because Plaintiff does not have a constitutionally protected property or liberty interest in an investigation, he fails to state a claim. The Court therefore recommends that Plaintiff's due process claim be dismissed with prejudice pursuant to Rule 12(b)(6).[2]

### 2. Plaintiff has not sufficiently alleged an equal protection violation

Plaintiff alleges that Defendant violated his equal protection rights when Defendant failed

---

[2]Any due process claim, substantive or procedural, would fail, as Plaintiff does not have a constitutionally protected interest at stake. *See Ziss Bros. Co., Inc. V. City of Independence, Ohio*, 10-3524, 2011 WL 3795734, at *4 (6th Cir. Aug. 29, 2011).

to contact Plaintiff's suggested witnesses or investigate Plaintiff's perjury claim against Deputy Guest.

"The Equal Protection Clause protects against arbitrary classifications, and requires that similarly situated persons be treated equally." *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010) (citation omitted). For Plaintiff to state claim, he "must claim that the government treated similarly situated persons differently." *Id*. (citation and internal quotation marks omitted). Plaintiff must show that the persons to which *(sic)* he alleges he has been treated differently must be "similarly situated in all material respects." *Aldridge v. City of Memphis*, 404 F. App'x 29, 42 (6th Cir. 2010) (citation omitted).

Plaintiff could also allege an equal protection claim under a "class of one" theory. Under that theory, Plaintiff would have to allege that he had been "intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." *Bertovich v. Village of Valley View, Ohio*, 09-4229, 2011 WL 2711088, at *2 (6th Cir. July 12, 2011) (citation omitted). A "class of one" plaintiff may show a lack of rational basis "either by negating every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *Id*. (citation omitted).

Plaintiff has failed to state a claim under either theory. There are no allegations in Plaintiff's complaint, or in his affidavit in opposition to Defendant's motion, that he was treated differently from a person "similarly situated." *See Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (dismissing an equal protection claim and stating, "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim.") (citation omitted). Here, Plaintiff's complaint is devoid of similarly situated allegations. He also merely states once that

Defendant violated his equal protection rights by not contacting suggested witnesses and investigating his alleged perjury claim against Deputy Guest. These statements are conclusory and insufficient to withstand a motion to dismiss. The Court recommends dismissing the claim without prejudice pursuant to Rule 12(b)(6).

### 3. Plaintiff has not sufficiently alleged a retaliation claim

A First Amendment retaliation claim under 42 U.S.C. § 1983 requires Plaintiff to prove that he (1) "engaged in protected conduct," (2) Defendant "took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct," and (3) "the adverse action was taken at least in part because of the exercise of the protected conduct." *Gaspers v. Ohio Dep't of Youth Servs.*, 648 F.3d 400, 412 (6th Cir. 2011) (citation omitted). The Sixth Circuit has stated that the inquiry is "context-driven: 'Although the elements of a First Amendment retaliation claim remain constant, the underlying concepts that they signify will vary with the setting–whether activity is 'protected' or an action is 'adverse' will depend on context.'" *Id.* (citation omitted). If Plaintiff establishes a violation, then Defendant "can avoid liability 'by showing that [he] would have taken the same action even in the absence of the protected conduct.'" *Id.* (citation omitted). Here, even accepting Plaintiff's allegation as true, he has not alleged in his complaint that Defendant's request to prosecute was taken because of Plaintiff's grievance. Plaintiff therefore fails to allege facts sufficient to survive a motion to dismiss.

#### a. Protected conduct

"An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Here then,

8

Plaintiff's alleged filing of a grievance would constitute protected conduct and satisfy this first element on a motion to dismiss.

### b. Adverse action

An action "capable of deterring a person of ordinary firmness from exercising the constitutional right in question" is an adverse action. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (citation, internal quotation marks, and emphasis omitted). A plaintiff need not show "actual deterrence;" "[e]ven the threat of an adverse action can satisfy this element if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct." *Id*. Plaintiff's allegation that Defendant sought to have Plaintiff prosecuted for Plaintiff's statement is adequate to constitute an adverse action on a motion to dismiss. *See Miller v. City of Canton*, 319 F. App'x 411, 421 (6th Cir. 2009) (stating, "[w]e assume without deciding that a reasonable jury could find that the [defendant's] turning over evidence to the [defendant's law department] was an adverse action, even though the ultimate decision to seek an indictment belonged to the independent prosecutor.").

### c. Motivation for adverse action

"This element addresses whether [a defendant's] subjective motivation for taking the adverse action was at least in part to retaliate against the prisoner for engaging in protected conduct." *Lappin*, 630 F.3d at 475. "If the prisoner can show that [the defendant's] adverse action was at least partially motivated by the prisoner's protected conduct, then the burden shifts to the [defendant] to show that [he] would have taken the same action even absent such protected conduct." *Id*. The Sixth Circuit has stated that a plaintiff must bring forth "some evidence of retaliatory motive" to survive a defendant's motion for summary judgment. *Id*. A plaintiff must therefore show material

facts that support a retaliatory motive. *Id*. But a plaintiff need not bring forth direct evidence–"circumstantial evidence can suffice." *Id*. Circumstantial evidence can include "disparate treatment of similarly situated individuals or the temporal proximity between the prisoner's protected conduct and the official's adverse action." *Id*. at 475-76. But temporal proximity, alone, is usually not enough. *Id*. *See Edmond v. State of Tenn. Dep't of Prob. and Parole*, 386 F. App'x 507, 514 (6th Cir. 2010) (quoting, "[t]he law is clear that temporal proximity, standing alone, is insufficient to establish a causal connection for a retaliation claim.") (citation omitted).

In *Lappin*, the Sixth Circuit discussed the plaintiff's retaliatory motive evidence. *Id*. at 476. There, the Sixth Circuit noted that the plaintiff sufficiently alleged a retaliatory motive when he presented temporal proximity (he suffered an adverse action "right after" he filed a complaint against a prison staff member), disparate treatment (he was the only one who suffered an adverse action), and direct statements (prison staff members told him not to file "paper-work" and that they would see to the plaintiff's alleged adverse action directly) evidence. *Id*. The Sixth Circuit held that the three evidentiary facts were sufficient for the plaintiff's retaliation claim at the failure-to-state-a-claim stage. *Id*. at 476.

Plaintiff's sole retaliation allegation in his complaint is that "Plaintiff learned that [Defendant] initiated criminal charges against [him] with no probable cause in retaliation for [his] complaints of perjury and assault and did so with malice[.]" (Am. Compl. ¶ 22.) But in Plaintiff's response, he states that "Defendant . . . repeatedly told Plaintiff to drop his complaint and law[suit] or face charges for filing a false report." (Dkt. 135, Pl.'s Br. at 1.) This last statement, if it were in Plaintiff's complaint, would be sufficient to survive a motion to dismiss. But Plaintiff does not make this statement in his amended complaint, or in his affidavit. The first time he makes this statement

10

is in his brief. Even reading Plaintiff's pleadings liberally, the Court finds it impermissible for Plaintiff to make this statement, for the first time, in a brief in an effort to survive a motion to dismiss. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, (6th Cir. 2006) (stating, "[t]he appropriate method for adding new factual allegations to a complaint is not via an appellate brief, but by filing an amended complaint." And also stating, "[w]e will therefore consider only those facts alleged in her complaint and the reasonable inferences that can be drawn from those facts.").

Because Plaintiff has failed to allege facts in his complaint to support a retaliatory motive in Defendant's seeking charges against Plaintiff, the Court recommends dismissing this claim without prejudice.

### 4. Plaintiff has not sufficiently alleged a malicious prosecution claim

Although Plaintiff's complaint is not clear, he appears to allege a Fourth Amendment malicious prosecution claim against Defendant. Plaintiff alleges that Defendant retaliated against him by "initiating criminal charges with no probable cause." (Pl.'s Aff. ¶ 8.) For Plaintiff to succeed on this claim, he must "show that a criminal prosecution was initiated against [him] and that the defendant made, influenced, or participated in the decision to prosecute." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (citations, insertions, and internal quotation marks removed). Plaintiff then must show "that there was a lack of probable cause for the criminal prosecution[.]" *Id.* (citations and internal quotation marks omitted). Plaintiff finally must show that "as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in [] Fourth Amendment

jurisprudence, apart from the initial seizure." *Id*. at 309 (citations and internal quotation marks omitted).

Here, Plaintiff cannot satisfy the first malicious prosecution requirement–that a criminal prosecution was initiated against him. Defendant has attached Kathleen Solomon's letter declining to prosecute the complaints Defendant filed against Plaintiff. (Def.'s Mot. for Summ. J., Ex. 3.) Plaintiff therefore cannot demonstrate the criminal prosecution threshold requirement. His malicious prosecution claim fails to state a claim, for he does not allege that a criminal prosecution was brought against him. Plaintiff states that Defendant "initiated" criminal charges. But an allegation that Defendant initiated criminal charges is not tantamount to prosecuting a criminal action. The Court recommends that this claim be dismissed. The Court alternatively recommends finding that no issue of fact exists that Defendant did not make, influence, or participate in a criminal prosecution against Plaintiff, because no criminal prosecution was ever initiated. The Court therefore recommends that this claim be dismissed with prejudice.

### D. Conclusion

For the above-stated reasons, the Court **RECOMMENDS** that Defendant's motion to dismiss/for summary judgment be **GRANTED** and that Plaintiff's due process and malicious prosecution claims be dismissed with prejudice and that Plaintiff's equal protection and retaliation claims be dismissed without prejudice.

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated:  October 20, 2011                         s/ Mona K. Majzoub                              
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE

13

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon William Helmer and Counsel of Record on this date.

Dated: October 20, 2011                  s/ Lisa C. Bartlett
                                                    Case Manager