UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HELMER,

        Plaintiff,

v.

BRIAN GUEST, ED POKRZYWNICKI,
and DAVE STENZEL

        Defendants.

Case No. 09-cv-11697

Hon. Patrick J. Duggan

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* (ECF No. 163)

        This prisoner's civil rights lawsuit, currently scheduled for trial on May 5, 2015, arises from the alleged assault of Plaintiff William Helmer by a law enforcement official while Plaintiff was in custody. Presently before the Court Plaintiff's motion *in limine* seeking an order preventing Defendants from introducing evidence, testimony, or witnesses regarding Plaintiff's present conviction. (Pl.'s Mot., ECF No. 163.) This motion, filed by Plaintiff while he was proceeding pro se, is substantially similar to a motion *in limine* filed by Plaintiff's recently-appointed counsel.

        In the instant motion, Plaintiff asks this Court to exclude any evidence pertaining to his offense of conviction, contending that any such evidence would

be unduly prejudicial. Plaintiff further contends that "his present conviction has nothing to do with whether Deputy Guest assaulted Plaintiff." (Pl.'s Mot. 1.) Because Plaintiff's attorneys have since filed another motion *in limine* on the same subject, the Court will deny the instant motion to the extent it addresses the admissibility of Plaintiff's offense of conviction.

Plaintiff also complains that two witnesses who were not present in the courthouse on the date of the alleged assault – Darci Dearing and former Deputy Brian Harris – are listed as potential defense witnesses. As Defendants indicate in their response to the motion, Ms. Dearing and Mr. Harris "are listed as possible impeachment or rebuttal witnesses should th[eir] testimony be necessary. They are both listed as 'may call' witnesses in the Proposed Joint Final Pre-Trial Order" to which Plaintiff is referring. (Defs.' Resp. 2, ECF No. 168.) Because the Court's scheduling Order requires the inclusion of all potential witnesses, including rebuttal witnesses if their testimony could have been "reasonably anticipated[,]" there is nothing improper about listing the two challenged witnesses at this juncture.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion *in limine* (ECF No. 163) is **DENIED**.

Dated: March 31, 2015

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:

**Gerald J. Gleeson, II**
**Robert E. Murkowski**
**D. Randall Gilmer**
**G. Gus Morris**